# EXHIBIT #3

**Group 4 – Google's Responsive Claim Construction Brief**
**(Civil Case Nos. 6:20-cv-00572-ADA, 6:20-cv-00581-ADA, and 6:20-cv-00582-ADA)**

> I hereby certify that this paper (along with any paper referred to as being attached or enclosed) is being transmitted today via the Office electronic filing system in accordance with 37 CFR §1.6 (a)(4).
>
> Date:  September 10, 2010      Signature:  /Kirk D. Houser/

## IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | |
|---|---|---|
| Appl. No. | : 11/530,519 | Confirmation No.   9828 |
| Applicants | : Michael Peter Gassewitz et al. | |
| Filed | : September 11, 2006 | |
| TC/A.U. | : 2441 | |
| Examiner | : Andrew M. Woo | |
| Docket No. | : 195006-01007 | |
| Customer No. | : 46361 | |

## AMENDMENT

Mail Stop Amendment                                            September 10, 2010
Commissioner for Patents
P.O. Box 1450
Alexandria, VA 22313-1450

Dear Sir:

In response to the Office Action dated June 14, 2010, the Applicants submit the following:

**Amendments to the Claims** are reflected in the **Listing of Claims** which begins on page 2 of this paper.

**Remarks/Arguments** begin on page 8 of this paper.

1

Appl. No. 11/530,519

**Amendments to the Claims:**

This Listing of Claims will replace all prior versions, and listings, of claims in the application:

**Listing of Claims:**

1. (Previously Presented)   A system comprising:

a behavioral information collector operable to monitor communication traffic exchanged with a communication network subscriber over an access communication link, the access communication link enabling the subscriber to access electronic content, the behavioral information collector being configurable to collect from any of a plurality of types of communication traffic in the monitored communication traffic behavioral information indicative of behavior of the subscriber in using the access communication link;

a behavioral analyzer operatively coupled to the collector and operable to maintain a behavioral profile of the subscriber based on behavioral information collected from only one or more particular types of the plurality of types of communication traffic in the monitored communication traffic; and

an electronic content delivery controller operatively coupled to the behavioral analyzer and operable to control, based on the behavioral profile, delivery of targeted electronic content to the subscriber for presentation with electronic content accessed by the subscriber,

wherein at least one of the behavioral information collector, the behavioral analyzer, and the electronic content delivery controller is implemented using hardware.

WSOU_572_8041806-0000105

Appl. No. 11/530,519

2. (Previously Presented) The system of claim 1, wherein the behavioral information collector is configured to collect the behavioral information from only the one or more particular types of communication traffic in the monitored communication traffic.

3. (Cancelled)

4. (Original) The system of claim 1, wherein the monitored communication traffic comprises packet traffic, the system further comprising:

    a Deep Packet Inspection (DPI) module operatively coupled to the behavioral information collector and operable to monitor the access communication traffic.

5. (Original) The system of claim 1, wherein the behavioral information collector is in an offline position relative to the access communication link.

6. (Previously Presented) A system comprising:

    a behavioral information collector operable to monitor communication traffic exchanged with a communication network subscriber over an access communication link, the access communication link enabling the subscriber to access electronic content, and to collect from the monitored communication traffic behavioral information indicative of behavior of the subscriber in using the access communication link;

    a behavioral analyzer operatively coupled to the collector and operable to maintain a behavioral profile of the subscriber based on the behavioral information;

WSOU_572_8041806-0000106

Appl. No. 11/530,519

an electronic content delivery controller operatively coupled to the behavioral analyzer and operable to control, based on the behavioral profile, delivery of targeted electronic content to the subscriber for presentation with electronic content accessed by the subscriber; and

a memory operatively coupled to the behavioral analyzer for storing behavioral analysis definitions,

wherein the behavioral analyzer maintains the subscriber behavioral profile by creating or updating the subscriber behavioral profile in accordance with the stored behavioral analysis definitions.

7. (Previously Presented)   A system comprising:

a behavioral information collector operable to monitor communication traffic exchanged with a communication network subscriber over an access communication link, the access communication link enabling the subscriber to access electronic content, and to collect from the monitored communication traffic behavioral information indicative of behavior of the subscriber in using the access communication link;

a behavioral analyzer operatively coupled to the collector and operable to maintain a behavioral profile of the subscriber based on the behavioral information;

an electronic content source operable to deliver to the subscriber electronic content that is accessed by the subscriber,

an electronic content delivery controller operatively coupled to the behavioral analyzer and to the electronic content source and operable to control, based on the behavioral profile, delivery of targeted electronic content to the subscriber for presentation with the accessed electronic content by providing the targeted electronic content to the electronic content source for delivery to the subscriber with the accessed electronic content,

WSOU_572_8041806-0000107

Appl. No. 11/530,519

        wherein at least one of the behavioral information collector, the behavioral analyzer, the electronic content delivery controller, and the electronic content source is implemented using hardware.

8. (Original)  The system of claim 1, wherein the access communication link comprises a network link in an access network, the access network comprising an electronic content source that is operable to deliver the accessed electronic content to the subscriber.

9. (Original)  The system of claim 8, wherein the electronic content source provides an Internet Protocol Television (IPTV) service.

10. (Original)  The system of claim 1, wherein the electronic content delivery controller is further operable to select the targeted electronic content from targeted electronic content provided by multiple targeted electronic content providers.

11. (Original)  The system of claim 1, wherein the targeted electronic content comprises an advertisement.

12. (Original)  The system of claim 1, wherein at least one of the behavioral information collector, the behavioral analyzer, and the electronic content delivery controller is implemented in software for execution by one or more processing elements.

WSOU_572_8041806-0000108

13. (Original)  The system of claim 1, implemented in a set of one or more network elements for providing to a subscriber system access to electronic content through an access communication network.

14. (Previously Presented)     A method comprising:

a behavioral information collector monitoring communication traffic exchanged with a communication network subscriber over an access communication link, the access communication link enabling the subscriber to access electronic content;

the behavioral information collector collecting from the monitored communication traffic behavioral information indicative of behavior of the subscriber in using the access communication link, the behavioral information collector being configurable to collect the behavioral information from any of a plurality of types of communication traffic in the monitored communication traffic;

a behavioral analyzer maintaining a behavioral profile of the subscriber based on behavioral information collected from only one or more particular types of the plurality of types of communication traffic in the monitored communication traffic; and

an electronic content delivery controller controlling, based on the behavioral profile, delivery of targeted electronic content to the subscriber for presentation with electronic content accessed by the subscriber,

wherein at least one of the behavioral information collector, the behavioral analyzer, and the electronic content delivery controller is implemented using hardware.

15. (Previously Presented)     The method of claim 14, wherein collecting comprises collecting the behavioral information from only the one or more particular types of communication traffic in the monitored communication traffic.

Appl. No. 11/530,519

16. (Cancelled)

17. (Original) The method of claim 14, wherein the access communication link comprises a network link in an access network, the access network comprising an electronic content source that is operable to deliver the accessed electronic content to the subscriber.

18. (Original) The method of claim 14, further comprising:

    selecting the targeted electronic content from targeted electronic content provided by multiple targeted electronic content providers.

19. (Original) The method of claim 14, wherein the targeted electronic content comprises an advertisement.

20. (Currently Amended) A <u>non-transitory</u> machine-readable medium storing instructions which when executed perform the method of claim 14.

21 to 22. (Cancelled)

23. (Previously Presented) The system of claim 1, wherein the one or more particular types of communication traffic are indicated in an online characterization definition.

WSOU_572_8041806-0000110

## REMARKS/ARGUMENTS

### Status of Claims

Claims 1, 2, 4 to 15, 17 to 20, and 23 remain in the application. Only claim 20 is currently amended, as shown in the Listing of Claims above.

### Claim Rejections - 35 USC 101

Claim 20 was rejected under 35 USC 101 on the ground of being directed to non-statutory subject matter. The rejected claim has been amended to insert "non-transitory" before "machine-readable medium", as suggested by the Examiner in the paragraph bridging pages 3 and 4 of the Office Action.

It is believed that this amendment fully addresses the rejection, and accordingly reconsideration and withdrawal of the rejection are respectfully requested.

### Claim Rejections - 35 USC 102

Claims 1, 2, 5 to 15, and 17 to 20 were rejected under 35 USC 102(e) on the ground of being anticipated by United States Patent No. 7,337,127 ("Smith"). As discussed in detail below, Smith fails to disclose at least one limitation of each of the rejected claims.

Regarding the analysis of claim 1 on page 5 of the Office Action, it is first noted that the discussions of the first two clauses of claim 1 are not consistent with the actual wording of claim 1 as amended in the Applicants' communication filed on February 26, 2010. In the interest of advancing examination of the application, however, the portions of Smith which are referenced in the Office Action are discussed below in the context of claim 1 as it is currently pending.

Claim 1 recites a system comprising a behavioural information collector operable to monitor communication traffic exchanged with a communication network subscriber over an access communication link. The Office Action refers to column 2, lines 13 to 25 of Smith on the ground of disclosing this feature. This portion of Smith discloses at least one Web server and at

Appl. No. 11/530,519

least one network device connected through a network, such as the internet. Although World Wide Web services provision and usage, as well as a registration Web page which queries users for basic demographic information and user registration including the creation of a user profile are described, there appears to be no suggestion of monitoring of communication traffic as claimed.

According to claim 1, the behavioural information collector is configurable to collect, from any of a plurality of types of communication traffic in the monitored communication traffic, behavioural information indicative of behaviour of the subscriber in using the access communication link. Regarding these features, page 5 of the Office Action refers to column 1, lines 63 to 67, column 2, lines 1 to 3, and column 3, lines 14 to 22 of Smith. The referenced portions of Smith do not appear to explicitly disclose any form of behavioural information collector that is configurable to collect behavioural information as recited in claim 1. It is acknowledged, however, that lines 26 to 44 of column 2 of Smith do refer to the users's Web browsing habits and Web purchasing patterns and user actions being recorded. There appears to be no suggestion, however, of collection of behavioural information from any of a plurality of types of communication traffic, as recited in claim 1.

Claim 1 also recites a behavioural analyzer operatively coupled to the collector and operable to maintain a behavioural profile of the subscriber based on behavioural information collected from only one or more particular types of the plurality of types of communication traffic in the monitored communication traffic. The referenced lines 19 to 38 of column 5 of Smith refer to data describing a user's browsing habits, other data from the user profile, and analysis of these data to prepare a profile of the user's personality, buying motives, interests, activities, opinions and other characteristics. Market segmentation variables are pre-selected by content providers based on the target demongraphics and psychographics each content provider is attempting to reach. User values for each of the pre-selected market segmentation variables are then determined. The referenced teachings of Smith do not appear to disclose or even suggest limiting the behavioural information that is used to maintain a behavioural profile of a subscriber, to behavioural information that is collected from only one or more particular types of a plurality of types of communication traffic in monitored communication traffic, as explicitly recited in claim 1. Thus, according to claim 1, even though the behavioural information collector

9

is configurable to collect behavioural information from any of a plurality of types of communication traffic, behavioural information that is collected from only one or more particular types of communication traffic is used in maintaining a subscriber behavioural profile. No such selectivity or limitation in information that is used to maintain subscriber profiles appears to be disclosed or suggested in the referenced teachings of Smith.

Although page 6 of the Office Action refers to column 4, lines 4 to 33 of Smith in the discussions of the last two clauses of claim 1, these passages of Smith also appear to be silent as to selectivity or limitation in information that is used to maintain user profiles.

It is further noted that, at most, Smith appears to suggest tracking of user actions through a specific Web server, rather than collecting behavioural information from communication traffic and maintaining a behavioural profile based on behavioural information collected from only one or more particular types of communication traffic, as claimed.

At least these features in claim 1 do not appear to be disclosed by the teachings of Smith which are referenced in the Office Action, and accordingly there is no anticipation.

Rejected claims 2, 5, and 8 to 13 depend directly or indirectly from claim 1 and patentably distinguish over Smith for at least the same reasons.

At least dependent claim 9 recites an additional patentably distinguishing feature as well. This claim depends from claim 8 and recites that an electronic content source, which according to claim 8 is operable to deliver accessed electronic content to the subscriber, provides an Internet Protocol Television (IPTV) service. In the analysis of claim 9 on page 10 of the Office Action, reference is made to lines 27 to 63 of column 7 of Smith, and specifically the disclosure in Smith that the user profile 50 may include video of the user. It is respectfully submitted that the mere mention of video of a user does not amount to disclosure of an IPTV service as claimed.

Independent claim 14 is a method counterpart of claim 1 and recites similar features. Claim 14 and its rejected dependent claims 15 and 17 to 20 therefore also patentably distinguish over Smith for at least similar reasons as claim 1.

WSOU_572_8041806-0000113

Appl. No. 11/530,519

Turning now to rejected independent claim 6, this claim recites, *inter alia*, a memory operatively coupled to the behavioural analyzer for storing behavioural analysis definitions, and also recites that the behavioural analyzer maintains the subscriber behavioural profile by creating or updating the subscriber behavioural profile in accordance with the stored behavioural analysis definitions. In the discussions of these features, page 8 of the Office Action refers to column 4, lines 13 to 33 and 55 to 67 of Smith. While it is acknowledged that the referenced portions of Smith refer to a program memory 14 and a data storage 16 (Fig. 2), a memory 34 (Fig. 3) and user profile data 50 (Fig. 4), there appears to be no disclosure or suggestion of the claimed feature of a memory for storing behavioural analysis definitions. It is acknowledges that lines 20 to 22 of column 4 of Smith disclose the data storage 16 for storing targeted content, Web pages, user profile data and other targeted marketing information. However, there appears to be no mention whatsoever of behavioural analysis definitions, or of a behavioural analyzer maintaining the subscriber behavioural profile by creating or updating the subscriber behavioural profile in accordance with such stored behavioural analysis definitions.

Thus, at least the features set out in the last two clauses of claim 6 appear to be absent from the referenced teachings of Smith.

With reference to independent claim 7, the system defined in this claim includes "an electronic content source operable to deliver to the subscriber electronic content that is accessed by the subscriber" and "an electronic content delivery controller operatively coupled to the behavioral analyzer and to the electronic content source and operable to control, based on the behavioral profile, delivery of targeted electronic content to the subscriber for presentation with the accessed electronic content by providing the targeted electronic content to the electronic content source for delivery to the subscriber with the accessed electronic content" in addition to other components. Page 9 of the Office Action refers to column 4, lines 4 to 12 of Smith as being relevant to these features. It is acknowledged that the referenced passage of Smith refers to a system and method for delivering targeted marketing to online users. Psychometric information and a photographic likeness of a user are collected for use in personalizing marketing, advertising, entertainment and educational materials, and other content. The only part of the referenced passage which appears to have any relevance to the above-noted features

11

WSOU_572_8041806-0000114

Appl. No. 11/530,519

of claim 7 is the broad statement relating to a system and method for delivering targeted marketing to online users.

Claim 7 explicitly recites features which go beyond the broad notion of targeted content delivery. According to the claim, the electronic content delivery controller is operable to control, based on the behavioural profile, delivery of targeted electronic content to the subscriber for presentation with the accessed electronic content that is accessed by the subscriber. This control by the electronic content delivery controller is by providing the targeted electronic content to the electronic content source for delivery to the subscriber with the accessed electronic content. Claim 7 thus explicitly recites that the electronic content delivery controller provides targeted electronic content to the electronic content source for delivery to the subscriber with electronic content that is accessed by the subscriber. While it is acknowledged that the referenced passage of Smith mentions delivering targeted marketing to online users, there appears to be no disclosure or even a suggestion in the referenced passage of Smith that additional information is provided *to* an information source for delivery to the user along with information that was requested by the user.

At least these features, which are explicitly recited in claim 7, appear to be absent from the referenced teachings of Smith.

In light of the foregoing, it is respectfully submitted that all of the rejected claims include at least one feature which does not appear to be disclosed or even suggested in the referenced teachings of Smith. Accordingly, there is no anticipation, and reconsideration and withdrawal of all of the claim rejections under 35 USC 102 are respectfully requested.

**Claim Rejections - 35 USC 103**

Claims 4 and 23 were rejected under 35 USC 103(a) on the ground of being unpatentable over Smith in view of United States Patent Application Publication No. 2005/0018697 ("Enns").

While the Applicants in no way concede that it would be obvious to combine the referenced teachings of Smith and Enns as proposed in the Office Action, it is further respectfully submitted that the referenced portions of Enns do not appear to provide any additional teachings which, even if taken in combination with the referenced teachings of Smith,

12

Appl. No. 11/530,519

would suggest to a person of ordinary skill at least the patentably distinguishing features of the independent claims 1 and 14, from which the rejected claims depend.

Reconsideration and withdrawal of the claim rejections under 35 USC 103 are thus respectfully requested.

**Conclusion**

The Applicants respectfully submit that the application is now in condition for allowance. In the event that any issues remain to be resolved prior to allowance of the application, the Examiner is invited to contact the undersigned by telephone so as to most expediently resolve such issues.

It is to be noted that the presently submitted amendments and remarks are intended solely to advance examination of the application, and should not be taken as any form of admission on the part of the Applicants that the claims in their original or previously amended form are not patentable. The Applicants hereby also expressly reserve the right to present additional amendments and/or remarks as examination proceeds.

Early and favourable reconsideration and allowance of the application are respectfully requested.

Respectfully submitted,

MICHAEL PETER GASSEWITZ ET AL.

By   /Kirk D. Houser/

Kirk D. Houser
Attorney for Applicants
(412) 566-6083            Registration No. 37,357

WSOU_572_8041806-0000116