# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

|  |  |  |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING & DEVELOPMENT, | ) ) ) | Case No. 6:20-cv-00572-ADA |
|  | ) | Case No. 6:20-cv-00580-ADA |
| Plaintiff, | ) ) | Case No. 6:20-cv-00584-ADA |
| v. | ) ) | Case No. 6:20-cv-00585-ADA |
| GOOGLE, LLC | ) ) | **JURY TRIAL DEMANDED** |
| Defendant | ) ) | ▇▇▇▇▇▇▇▇▇▇▇▇ |

**BRAZOS'S OPPOSED MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT AND SERVE AMENDED INFRINGEMENT CONTENTIONS**

**PUBLIC VERSION**

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................ 1

II.  FACTUAL BACKGROUND ............................................................................. 3

    A.  Procedural History ...................................................................................... 3

    B.  Fact Discovery ............................................................................................ 5

        1.  Source Code Review ............................................................................ 5

        2.  Depositions and Discovery Disputes ................................................. 7

        3.  584 Case Accused Products ................................................................ 8

    C.  Replacement of Brazos's Counsel ............................................................ 12

    D.  Brazos's Proposed Amended Infringement Contentions ........................... 13

    E.  Brazos's Proposed 584 Amended Complaint ........................................... 16

    F.  Further Schedule-Related Negotiations .................................................... 18

III. LEGAL STANDARD ....................................................................................... 19

IV.  ARGUMENT .................................................................................................... 20

    A.  Brazos's Request for Leave Is Reasonably Timely Under the Circumstances of This Case ........................................................................ 20

    B.  Brazos's Allegations Are Well-Supported and Important to the Case ............................ 22

    C.  Google Will Not Be Prejudiced by Brazos's First Amended Complaint Because a Continuance is Already Required ......................................................................... 23

    D.  For the Same Reasons, the Court Should Allow Leave to Amend Its Complaint Under Rule 15(a)(2) ........................................................................................ 25

V.   CONCLUSION ................................................................................................. 26

VI.  ADDENDUM REGARDING RULE 11 ........................................................... 26

i

# TABLE OF AUTHORITIES

## <u>CASES</u>

*Alacritech Inc. v. CenturyLink, Inc.,*
No. 2:16-CV-00693-RWS-RSP, 2017 U.S. Dist. LEXIS 132859
(E.D. Tex. Aug. 20, 2017) ...................................................................................24

*Avialae S De RL De CV v. Cummins Inc,*
No. EP-19-CV-380-PRM, 2020 U.S. Dist. LEXIS
242272 (W.D. Tex. Aug. 24, 2020) ................................................................19, 25

*Cantu v. Wayne Wilkens Trucking, LLC,*
No. SA-19-CV-1067-XR, 2020 U.S. Dist. LEXIS 103104
(W.D. Tex. Jun. 11, 2020) ................................................................................... 21

*Epistar Corp. v. Lowe's Cos. Inc.,*
No. 6:20-CV-00420-ADA, (W.D. Tex. Aug. 4, 2021)................................. 19, 24

*Filgueira v. U.S. Bank Nat'l Ass'n,*
734 F.3d 420 (5th Cir. 2013) ......................................................................... 19, 20

*GREE, Inc. v. Supercell Oy, No.*
2:19-CV-00200-JRG-RSP, 2020 U.S. Dist. LEXIS 203422
(E.D. Tex. Mar. 26, 2020).................................................................................. 21

*GREE, Inc. v. Supercell Oy,*
No. 2:19-cv-00310-JRG-RSP, 2020 U.S. Dist. LEXIS 237130
(E.D. Tex. Dec. 17, 2020).................................................................................. 23

*Harris Corp. v. Huawei Device USA, Inc.,*
No. 2:18-CV-00439-JRG, 2019 U.S. Dist. LEXIS 151949 (E.D. Tex. Sept. 6, 2019) ....... 23

*IDB Ventures, LLC v. Charlotte Russe Holdings, Inc.,*
360 F. Supp. 3d 541 (E.D. Tex. 2018)............................................................... 19

*MV3 Partners LLC v. Roku, Inc.,*
No. 6:18-CV-00308-ADA (W.D. Tex. Mar. 23, 2020) .......................... 19, 22, 25

*Polaris PowerLED Techs., LLC v. Samsung Elecs. Am., Inc.,*
No. 2:17-cv-715-JRG, 2019 U.S. Dist. LEXIS 235776 (E.D. Tex. Apr. 24, 2019) ........... 20

*S&W Enters., LLC v. Southtrust Bank of Ala.,*
N.A., 315 F.3d 533 (5th Cir. 2003).................................................................... 19

*SmartPhone Techs. LLC v. HTC Corp.,*
No. 6:10cv580 LED-JDL, 2012 U.S. Dist. LEXIS 68049 (E.D. Tex. Mar. 16, 2012)........ 21

*Squyres v. Heico Cos., L.L.C.,*
    782 F.3d 224 (5th Cir. 2015) ........................................................................... 19

*Thomas Swan & Co. Ltd. v. Finisar Corp.,*
    2:13-cv-178-JRG, 2014 U.S. Dist. LEXIS 191708 (E.D. Tex. Aug. 11, 2014) ................. 23

*TiVo Inc., v. Verizon Commc'ns Inc., No.*
    2:09-CV-257-JRG, 2012 U.S. Dist. LEXIS 78431 (E.D. Tex. June 6, 2012) ................... 20

*United States ex rel. Bias v. Tangipahoa Parish Sch. Bd.,*
    816 F.3d 315 (5th Cir. 2016) ........................................................................... 19

*Whitmire v. Victus Ltd.,*
    212 F.3d 885 (5th Cir. 2000) ........................................................................... 20

## STATUTES

28 U.S.C. § 1927 .................................................................................... 15, 27

## RULES

Fed. R. Civ. P. 11 ............................................................................... 16, 26, 27

Fed. R. Civ. P. 15 ............................................................................... 19, 20, 25

Fed. R. Civ. P. 16 ................................................................................... 19, 25

## I.      INTRODUCTION

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos")
files this motion to request that the Court grant Brazos leave, in Case No. 6:20-cv-584, to file a
First Amended Complaint, and in each of Cases Nos. 6:20-cv-572, -580, -584, and -585, to serve
Defendant Google with Amended Final Infringement Contentions.

Brazos wishes to file its 584 Amended Complaint primarily to add—beyond the previously
identified Pixel 4 handset—two new accused products, Google's Nest Hub 2nd Gen and Nest
Thermostat ("Accused Nest Products"), which use the same Soli radar chip that forms the core of
Brazos's infringement theory directed to the Pixel 4. Both the Accused Nest Products were
released after the 584 Case began, and ██████████████████████████████████████
██████████████████. Brazos also seeks to add related allegations of willful infringement as
to the Accused Nest Products. Finally, Brazos—in response to Google's discovery responses
████████████████████████████████████████████████████—
seeks to amend its complaint to add the parallel apparatus claims, plus a corresponding pleading
concerning Brazos's compliance with the marking requirements of 35 U.S.C. Section 287.

Brazos's request to amend its contentions seeks to achieve two primary goals (in addition
to adding the Accused Nest Products in the 584 Case). As to the first goal, when Brazos and Google
appeared in Court for the February 17 discovery hearing, the Court was able to observe what had
become clear to the parties in preceding meet-and-confer discussions: the parties did not have a
meeting of the minds as to the infringing instrumentalities, which disconnect gave rise to a host of
disputes concerning the corresponding scope of discovery. Google invited and Brazos seeks to
amend its contentions to remove any perceived ambiguities, so there can be no dispute about which
Google products and services should properly be included in these cases. In each of the 580 and

585 Cases, Brazos's prior contentions focus on certain exemplary APIs (Application Programming Interfaces) as accused functionalities. Brazos's proposed amendments now expressly call out the many ways in which Google implements those functionalities—and realizes corresponding monetary benefits—via integration into Google's vast ecosystem of proprietary and third-party products and services. And in the 572 Case, though not discussed at the February 17 hearing, Brazos seeks to similarly amend its contentions to be clear that, in addition to Google's "YouTube TV," Google's similar "Google TV" service is also encompassed by Brazos's infringement theory.

Brazos's second goal in amending its contentions is to account for confidential information not available as of when Brazos first served its Final Infringement Contentions on May 21, 2021. At that time, Google had not yet made its source code available to Brazos, nor had any Google witness been deposed. Once Brazos finally had access to Google's code, and once technical depositions began, it became clear to Brazos that this newly available, material information needed to be accounted for in disclosing its complete infringement theories.

No significant obstacles weigh against Brazos's requests. Following the unfortunate and unanticipated February 21 withdrawal of Brazos's prior counsel, the parties agreed to adjourn the deadlines to complete fact and expert discovery. To the extent that Google might otherwise be prejudiced by having to account for Brazos's proposed amendments, Brazos is prepared to reasonably accommodate Google's needs in the context of a forthcoming reset schedule.

In sum, Brazos's requests for leave to amend meet the requisite good-cause standard. Brazos's proposed amendments account for information that was not available to Brazos until recently. Brazos's requested additions are important to ensure that the Court can consider a fully fleshed-out set of infringement theories. And the availability of a continuance moots any prejudice that Google might otherwise suffer. The Court should grant Brazos's motion for leave to amend.

## II.     FACTUAL BACKGROUND

An executed copy of Brazos's proposed 584 Amended Complaint is attached in clean form as Exhibit 1, suitable for entry under W.D. Tex. L.R.-CV(7)(B) if the Court grants this motion; a corresponding redline version is attached as Exhibit 2.

Brazos's proposed Amended Infringement Contentions in each of the 572, 580, 584, and 585 Cases are attached as Exhibits 3-6, respectively.[1]

Brazos briefly sets forth below relevant procedural and discovery history underlying these cases, along with factual background concerning Brazos's 584 Amended Complaint and Amended Infringement Contentions in all pending cases.

### A.     Procedural History

Brazos commenced the four cases presently before the Court on this motion on June 29, 2020, as part of a coordinated series of 15 litigations, with each case alleging infringement of one patent by Google. *See, e.g.*, ECF No. 1.[2] The Court entered the first case Scheduling Order on November 5, 2020, shortly followed by a First Amended Scheduling Order on November 12, 2020. *See* ECF Nos. 26, 29. Under the amended Scheduling Order, the Court set the deadline to serve preliminary infringement contentions (retroactively) as October 9, 2020; the opening of fact discovery as March 29, 2021; the deadline to serve final infringement (and invalidity) contentions

---

[1] Brazos's proposed Amended Infringement Contentions are attached in redline form for each of the 572, 580, and 585 Cases. In the 584 Case, Brazos did not serve a redline, but rather an explanatory email, attached as Exhibit 7, detailing the scope of its proposed amendments. In deference to Google's concerns regarding the confidentiality of its source code, Brazos does not submit herewith its related Source Code Appendices as served in each of the 572, 580, and 585 Cases, but they are available for submission upon request, as needed.

[2] Unless otherwise noted, citations herein to docket entries will be to Case No. 6:20-cv-00572-ADA. Brazos further intends such citations to be representative of the dockets in each of the 580, 584, and 585 cases, as well (again, unless otherwise noted).

as May 21, 2021; and the deadline to amend pleadings without leave (assuming no patents or claims were added) as July 16, 2021. *See* ECF No. 29 at 1, 3.

The Court conducted its *Markman* hearing on March 25, 2021, and entered its claim construction order on June 2, 2021. *See* ECF Nos. 44-46. Following the Court's claim construction rulings, in five cases the parties filed a series of joint motions to dismiss, followed by Brazos's appeals of those claim construction rulings to the Federal Circuit (all of which appeals remain pending).[3]

On October 21, 2021, Brazos and Google filed a joint notice concerning agreement to extend deadlines, in which the parties notified the Court of an agreement to extend deadlines across all pending cases as follows:

- February 25, 2022 – Close of Fact Discovery

- March 4, 2022 – Opening Expert Reports

- April 1, 2022 – Rebuttal Expert Reports

- April 22, 2022 – Close of Expert Discovery

- May 6, 2022 – Dispositive Motion Deadline

- July 11, 2022 – (Proposed) Final Pretrial Conference

- July 25, 2022 – (Proposed) Jury Selection / 1st Trial

- September 19, 2022 – (Proposed) Jury Selection / 2nd Trial

*See* ECF No. 66. The Court then acknowledged the reset schedule. *See* 10/21/21 Text Entry.

---

[3] *See* Case No. 6:20-cv-00574-ADA, ECF No. 56 (W.D. Tex. Sept. 30, 2021); Case No. 6:20-cv-00578-ADA, ECF No. 52 (W.D. Tex. Sept. 30, 2021); Case No. 6:20-cv-00581-ADA, ECF No. 55 (W.D. Tex. Sept. 30, 2021); Case No. 6:20-cv-00582-ADA, ECF No. 54 (W.D. Tex. Sept. 30, 2021); Case No. 6:20-cv-00577-ADA, ECF No. 58 (W.D. Tex. Oct. 12, 2021).

As discovery progressed, Brazos stipulated with Google and filed before the Court to dismiss certain other pending cases,[4] eventually leaving just the four proceedings that are subject of this motion actively before the Court.[5]

**B.      Fact Discovery**

**1.      <u>Source Code Review</u>**

As noted above, fact discovery commenced on March 29, 2021, and Brazos was due to serve final infringement contentions as of May 21. *See* ECF No. 29 at 3. Brazos requested the opportunity to review Google's source code review in connection with its infringement analyses. On May 21, 2021—i.e., the same date that Brazos was due to serve (and did serve) its final infringement contentions—Google informed Brazos that the code would be made available in Dallas, "subject to Google's proposed [PO] terms," which Google did not immediately disclose. Ex. 8 (5/21/21 Etheridge-Laud emails). Resolution of disputes between the parties concerning terms of the protective order and the location of the source code review ultimately necessitated a joint motion for entry of a disputed protective order, which the parties filed on September 2, 2021. *See* ECF No. 49. The Court then convened a related hearing on September 29, 2021, on Brazos' motion to modify the protective order. *See* ECF Nos. 56-59. Once the Court resolved the parties' remaining disputes—including, *inter alia*, determining the city in which the source code would be

---

[4] *See* Case No. 6:20-cv-00573-ADA, ECF No. 73 (W.D. Tex. Jan. 21, 2022); Case No. 6:20-cv-00571-ADA, ECF No. 79 (W.D. Tex. Jan. 25, 2022); Case No. 6:20-cv-00576-ADA, ECF No. 75 (W.D. Tex. Jan. 25, 2022); Case No. 6:20-cv-00583-ADA, ECF No. 74 (W.D. Tex. Jan. 25, 2022); Case No. 6:20-cv-00575-ADA, ECF No. 86 (W.D. Tex. Feb. 24, 2022); Case No. 6:20-cv-00579-ADA, ECF No. 83 (W.D. Tex. Apr. 1, 2022).

[5] As also addressed *infra* at, *inter alia*, pages 11 and 15-16, Brazos's prior counsel engaged in discussions with Google concerning potentially dismissing the 584 Case shortly before counsel withdrew from representation. But no related stipulation was ever filed with the Court.

made available—at that hearing, Google made source code available for review in Austin, beginning October 5, 2021.

Brazos's review of Google's source code necessitated extensive back-and-forth correspondence over several months, leading to iterative productions of code. Representative correspondence is summarized below.

For example, on October 7, 2021, Brazos wrote to Google to note that ████████ ███████████████████████████████████████████████████████████████████ ██████████, and requested that Google supplement its production as to that version and some additional omitted folders of code (which Google later did). *See* Ex. 9 (10/7/21 Etheridge letter).

A similar exchange occurred in the 585 Case, in which Brazos identified deficiencies in Google's code productions on each of December 17, 2021, and January 7, 2022, and in response to which Google agreed to make further supplemental code productions on January 11 and 25. *See* Ex. 10 (12/17/21 Etheridge letter), Ex. 11 (1/7/22 Breedlove letter), Ex. 12 (1/11/22 Warren-Etheridge letter), Ex. 13 (1/25/22 Warren-Breedlove letter)

Likewise, on October 22, 2021, Brazos informed Google that the 572 Case source code available for review omitted several portions of code needed by Brazos to complete an updated evaluation of infringement. *See* Ex. 14 (10/22/21 Etheridge letter). It was not until over a month later that Google confirmed its willingness ███████████████████████████████████ ████████████████████ Ex. 15 (12/7/21 Lavine-Etheridge letter). On the next day, January 7—and three times more before receiving a response from Google—Brazos wrote to Google with a reminder that the 572 Case deficiencies identified in Brazos's October 22, 2021, letter remained unresolved. *See* Ex. 16 (1/7/22 Breedlove letter), Ex. 17 (1/14/22 Dawson letter), Exs. 18-19

(1/18/22 Dawson letters). Google responded on January 26, 2022, with mixed positions concerning Brazos's code-production requests. *See* Ex. 20 (1/26/22 Lavine-Breedlove letter).

Brazos otherwise informed Google on December 8, 2021, of various additional deficiencies in Google's technical productions across, *inter alia*, each of the 572, 580, 584, and 585 Cases. *See* Ex. 21 (12/8/21 Etheridge letter) at 2, 5-6. Google again waited approximately a month to respond. *See* Ex. 22 (1/6/22 Stitt-Etheridge letter).

Brazos's review of Google's source code—which at its initial stages included a total of ten cases, six cases beyond the four that presently remain—was more or less continuously ongoing from October 2021 into February and March 2022.

### 2.   Depositions and Discovery Disputes

No merits depositions occurred in the case until January 21, 2022—i.e., eight months after Brazos served its final infringement contentions per the scheduling order. *See* ECF No. 29 at 3. Later depositions, in combination with issues that surfaced during the parties' exchanges of correspondence such as described immediately above, led to a series of discovery disputes, concerning which the parties made submissions per the Court's discovery dispute procedures, following which the Court convened a hearing on February 17, 2022. *See* ECF No. 88.

Of most relevance to the instant motion is what Google's statements at the hearing revealed concerning Google's interpretation of the scope of Brazos's infringement case, in the context of Brazos's then-final infringement contentions (which, again, had been prepared and served without the benefit of either source code or deposition evidence). Specifically, Google took the position in the context of a dispute focused on the 580 and 585 Cases, in which Brazos drafted its contentions with reference to certain exemplary APIs, that " ██████████████████████████████████ ██████████████████████████████████████ ." Ex. 23 (2/17/22 Hrg. Tr.) at 24:8-10. In contrast, Brazos's position was that " ██████████████████████████████████

████████████████████████████████████████████████████████████████

████████." *Id.* at 27:11-15.

The Court is yet to issue its decision resolving most of the disputes raised at the February 17 hearing, but of note, Google specifically proposed that one avenue available to the Court could be that "[████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████████████████████████████." *Id.* at 15:20-16:3. Brazos now seeks to do exactly this.

### 3.    584 Case Accused Products

Brazos's original June 29, 2020, complaint in the 584 Case identified as products accused of infringing Brazos's '697 patent "products such as . . . user notification alerts based on the object movement detected using radar," and as an exemplary such product "devices that utilize Motion Sense such as, but not limited to the Pixel 4" family of handsets. 584 Case ECF No. 1 ¶¶ 45-46. "Motion Sense" in turn, was identified as "us[ing] RADAR technology to provide gesture control" to users; Brazos further noted that "[t]he Pixel 4 has an integrated Soli radar chip . . . . [that] comprises a short-range radar sensor that detects the movement of a user." *Id.* ¶¶ 47, 50.

In October 2020, more than three months following receipt of Brazos's complaint,[6] Google then released its Nest Thermostat, which is designed to interact with the Google Home application on a user's personal mobile device. *See* Exs. 25-26. Google now acknowledges on its Soli radar

---

[6] In addition to notice of the '697 patent provided by receipt of Brazos's complaint, in response to written discovery, Google admitted that it had first learned of the '697 patent "███████████ ████████████████████████████████████" as of at least "████████████." Ex. 24 at 24 (4/28/21 Google Response to Brazos Interrogatory No. 7).

chip website that the Google Nest Thermostat senses motion using radar, stating that "the Nest Thermostat . . . uses Soli technology to help create a borderless, mirrored display *and sense motion*." *See* Ex. 27 (https://atap.google.com/soli/products/#nest-thermostat) (emphasis added).

Similarly, nine months following receipt of Brazos's complaint, on March 30, 2021, Google released the Nest Hub 2nd Gen. *See* Ex. 28. Among the features incorporated in the Nest Hub 2nd Gen were multiple infringing features using the accused Motion Sense technology included in the Pixel 4, including Quick Gestures and Sleep Sense. For example, in March 2022 Google publicly disclosed in marketing materials for the Soli radar chip and products incorporating it that the "Pixel 4 was the first device with Soli, powering Motion Sense which allows you to skip songs, snooze alarms, and silence phone calls without touching your phone." *See* Ex. 29 (https://atap.google.com/soli/products/#pixel-4). Similarly in March 2022, Google's marketing materials disclosed a substantially identical functionality, in that the Nest Hub 2nd Gen Quick Gestures "help you quickly take action and focus on what matters. Play or pause a song or video, snooze an alarm, or even stop a timer with a wave of your hand." *See* Ex. 30 (https://atap.google.com/soli/products/#nest-hub). Google also disclosed in March 2022 that the Nest Hub 2nd Gen Quick Gestures is an evolution of the Motion Sense gesture technology. *See id.* ("For the Nest Hub, our team tuned Soli's radar settings for an expanded gesture sensing range of 3m.").

Google's marketing materials further reveal that Google considers these features to be part of the same product feature ecosystem, as shown by, e.g., a Nest Hub 2nd Gen product support webpage generated in March 2022 that identifies Motion Sense as necessary to enable the Google Nest Hub 2nd Gen's Quick Gestures and Sleep Sensing features. *See* Ex. 31 (https://support.google.com/googlenest/answer/10388741?hl=en) ("Motion Sense needs to be on

to perform Quick Gestures and Sleep Sensing."). In addition, in a developer blogpost Google further acknowledged that the infringing Nest Hub 2nd Gen Sleep Sensing feature technology is directly related to the accused Pixel 4 Motion Sense feature. *See* Ex. 32 (https://ai.googleblog.com/ 2021/03/contactless-sleep-sensing-in-nest-hub.html) ("Sleep Sensing in Nest Hub demonstrates the first wellness application of Soli, a miniature radar sensor that can be used for gesture sensing at various scales, from a finger tap to movements of a person's body. In Pixel 4, Soli powers Motion Sense, enabling touchless interactions with the phone . . .").

However, despite repeated inquiries since Brazos commenced suit in June 2020, Google never disclosed the existence of the Accused Nest Products to Brazos. First, Brazos served its Interrogatory No. 1, which identified the "ACCUSED INSTRUMENTALITY" as "the instrumentalities identified in the complaint" and called for Google to "[f]or the ACCUSED INSTRUMENTALITY, identify each version made, imported, used, sold, offered for sale, provided, supported, or caused to be provided by or on behalf of YOU." Ex. 33 at 1, 5. Notwithstanding that Google had released both the Accused Nest Products within the last six months, Google's April 28, 2021, response ████████████████████████████. *See* Ex. 24 at 4, 6. Brazos later requested that Google confirm that discovery accounted for "all documents relating to incorporation of Soli in Google products other than Pixel 4." *See* Ex. 34 (12/8/21 Etheridge letter). Google repeatedly represented that "████████████████████████████ ████████████████████████" and "████████████████████████████ ████████████" *See* Ex. 35 (12/15/21 Laud-Etheridge letter), Ex. 36 (1/14/22 Laud-Stahl letter) at 2.

As noted above, in March 2022, following discussions of the dismissal of the 584 Case with Brazos's prior counsel, Google updated its website devoted to the Soli radar chip

(https://atap.google.com/soli/products/), to which it added the Nest Thermostat and the Nest Hub 2nd Gen alongside the previously accused Pixel 4 as products incorporating the Soli radar chip; those website updates also describe how those products similarly incorporate gestures and motion sensing technologies (as referenced immediately above). *Compare* Ex. 37 (Archived Soli Main Page from February 23, 2022: https://web.archive.org/web/20220223202957/ https://atap.google.com/soli/) *with* Ex. 38 (Archived Soli Main Page from March 2, 2022: https://web.archive.org/web/20220302225919/https://atap.google.com/soli/) *and* Ex. 39 (Archived Soli Product Page from March 3, 2022: https://web.archive.org/web/20220303093005/ https://atap.google.com/soli/products). Also in March 2022, Google posted a product support webpage for the Google Nest Hub 2nd Gen explaining how its Quick Gestures and Sleep Sensing features are a part of the accused Motion Sense technology. *See* Ex. 31 (https://web.archive.org/ web/20220301182327/https://support.google.com/googlenest/answer/10388741?hl=en).

When Brazos located this newly disclosed public information regarding the Accused Nest Products, it promptly updated its contentions to add those products. *See* Ex. 5 (584 proposed Amended Infringement Contentions).

In addition, in response to Brazos's Interrogatory No. 3, Google asserted that with regard to the Pixel 4, it cannot infringe asserted claims 1-5 of the '697 patent, ██████████████████ ███████████████████████████████████████████████████████████. *See* Ex. 24 at 13 ("██████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████.").

### C.     Replacement of Brazos's Counsel

During this case, Brazos was twice required to retain new trial counsel.[7] Brazos's original complaints were filed on June 29, 2020, by the Etheridge Law Group. *See* ECF No. 1. Starting on November 18, 2021, Carter Arnett PLLC appeared as counsel for Brazos in all cases not then on appeal. *See, e.g.*, ECF Nos. 69-70. The Etheridge Law Group then moved to withdraw as counsel representing Brazos on January 17, 2022, which motion the Court granted on January 26. *See* ECF No. 76. On February 10, 2022, Folio Law Group PLLC then appeared as counsel to Brazos in the 580 Case. *See* 580 Case ECF Nos. 78-80. On February 21, 2022, Carter Arnett filed its own motion to withdraw as counsel for Brazos in all then-pending cases. *See* ECF No. 90. Shortly thereafter Folio Law Group PLLC then appeared on March 7, 2022, in each of the 572 Case (*see* ECF Nos. 92-97); 584 Case (*see* 584 Case ECF Nos. 83-86); and 585 Case (*see* 585 Case ECF Nos. 98-101). The Court subsequently granted Carter Arnett's motion to withdraw on April 13. *See* 4/13/22 Text Order.

In light of prior counsel's withdrawal, on February 22, 2022, Google agreed with local counsel for Brazos, *inter alia*, to "suspend the currently scheduled depositions, and to extend the fact and expert discovery deadline in order to allow new lead trial counsel [to] enter an appearance and get up to speed." *See* Ex. 40 at 1 (2/22/22 Siegmund-Lanier emails).

Shortly after present counsel's appearance, Brazos reached out to Google on March 10, 2022, to convene meet-and-confer discussions concerning, *inter alia*, a reset case schedule; those discussions also touched on Brazos's proposals to amend its infringement contentions in light of developments leading up to and during the February 17 discovery hearing. *See* Ex. 41 at, *e.g.*, 4-5 (3/10/22 Love-Jones email). In the ensuing discussions, on March 21 Google finally represented

---

[7] Brazos has been represented by the same local counsel throughout the pending litigations.

that it would not provide specific feedback on Brazos's proposed reset schedule because "Google cannot take a position, yea or nay, on WSOU's proposed schedule or the propriety of proposed amended infringement contentions, without seeing those contentions." *Id.* at 1 (3/21/22 Lanier-Abraham email).

### D.   Brazos's Proposed Amended Infringement Contentions

Following Google's statements conditioning its willingness to comment on a proposed reset case schedule on receipt and review of Brazos's amended contentions, Brazos proceeded to prepare and serve its proposed Amended Infringement Contentions. Brazos served supplemental contentions in the 572 and 580 Cases on April 1, 2022 (*see* Ex. 42); in the 584 Case on April 6 (*see* Ex. 7); and in the 585 Case on April 21 (*see* Ex. 43). A summary description of each of the four proposed sets of amendments is as follows:

**572 Case:** Brazos's proposed Amended Infringement Contentions account for information learned by Brazos via Google's source code,[8] including clarification that all elements of Google's YouTube TV recommender system—including at least Google's ████████████ ████████████—are within the scope of Accused Products in this case. *See* Ex. 3 at, *e.g.*, 8, 19, 36, 38. Brazos's proposed amended contentions further specify that Google's "Google TV" service allegedly infringes Brazos's asserted '806 patent in the same or a similar manner as YouTube TV. *See id.* at, *e.g.*, 2-3, 5, 7 *et seq.*

**580 Case:** Brazos's proposed Amended Infringement Contentions are primarily updated via an extensive series of citations to Google's confidential source code. *See generally* Ex. 4.

---

[8] As referenced at note 1 *supra*, in deference to Google's confidentiality concerns Brazos does not include its Source Code Appendices, served in the 572, 580, and 585 cases, in this filing. Brazos can arrange to make these portions of its proposed amended contentions available for the Court's review if desired.

**584 Case:** Brazos's proposed Amended Infringement Contentions (1) add the Accused Nest Products as additional Accused Products (*see* Ex. 5 App'x B-D), and (2) add similar apparatus claims parallel to Brazos's previous assertions of method claims directed to the Pixel 4 (*see id.* App'x A). *See also* Ex. 7 (4/6/22 service email).

**585 Case:** Brazos's proposed Amended Infringement Contentions account for information learned by Brazos via Google's source code—or more to the point, what was *not* included in Google's produced source code—by clarifying that Brazos's infringement allegations directed to Google's geofencing instrumentalities also include at least Google Maps and Google Ads. *See* Ex. 6 at, *e.g.*, 1-3, 5, 7-11 *et seq.*

In subsequent meet-and-confer discussions, Google took the position that "[a]fter considering all four of WSOU's proposed amended infringement contentions, Google does not believe that leave to amend is appropriate." Ex. 44 at 10-11 (4/22/22 Lanier-Love email). Brazos attempted where possible to explore the nature of Google's objections. First, in the 580 and 585 Cases, other than high-level statements during the parties' meet-and-confer discussions, Google has not further specified its objections to Brazos's proposed Amended Infringement Contentions.

Otherwise, in connection with the 572 Case, Brazos accepted Google's invitation to "consider WSOU's proposed amended final infringement contentions without the addition of Google TV" (*id.*) and served such a modified version of those contentions on April 26. *See id.* at 8-10 (4/26/22 Abraham-Lanier email). Ultimately, Google concluded that its review of the version of Brazos's proposed amended contentions without Google TV "d[id] not . . . remove[] [Google's] uncertainties about the proposed scope of [Brazos's] amended contentions, and we confirm that Google will oppose amendment of [Brazos's] contentions as proposed (including specifically but not only the proposed addition of Google TV)." *Id.* at 4-5 (5/4/22 Lanier-Abraham email).

14

And in connection with the 584 Case, Google's objections took a different form. There, after reviewing Brazos's proposed amended contentions, Google objected on the dual, related grounds that (1) "the Pixel 4 and 4XL are Google's only mobile communication devices that supported the accused SOLI/Motion Sense feature" and (2) "[a]fter Google repeatedly confirmed and reconfirmed this fact, [Brazos] . . . . represented that it would move to dismiss the -584 case." Ex. 45 at 9-10 (4/22/13 Lanier-Jones email). Google further informed Brazos that Google "formally puts [Brazos] on notice that Google will seek all fees and costs incurred in defending any of [Brazos's] claims directed to Nest Hub and Nest Thermostat, and Google may further pursue fees and costs for any continuance of this -584 action given [Brazos's] prior representations that it would dismiss this action only to subsequently do an about face." *Id.* In response Brazos stated that "email below does not put us on notice of any substantive basis for Google's position that the Nest products are not 'mobile communication devices' within the meaning of the '697 patent." *Id.* at 8-9 (4/26/22 Abraham-Lanier email).

Google then in response purported to "provide[] [Brazos] with notice that Google will also seek all appropriate relief under Fed. R. Civ. P. 11(b)(1)-(3)" unless Brazos dismissed this case, again citing no intrinsic evidence in support of its claim construction position concerning the "mobile communications device" claim term. *Id.* at 6-7 (4/29/22 Lanier-Abraham email). On May 6, Brazos responded at length, including citations to the intrinsic and extrinsic basis in the '697 patent for Brazos's infringement theories directed to the Accused Nest Products. *See id.* at 6 (5/6/22 Abraham-Lanier email); *see also* Ex. 46 (5/6/22 Abraham-Lanier letter). On May 9, Google disclosed its further intention to seek relief against Brazos's counsel under "Section 1927"[9]

---

[9] 28 U.S.C. Section 1927 is directed to "multipl[ying] the proceedings in any case unreasonably and vexatiously."

15

(*see* Ex. 45 at 5-6 (5/9/22 Lanier-Abraham email)), in response to which Brazos noted that under Federal and Fifth Circuit law "as compared to Google's existing Rule 11 allegations, Section 1927 presents an even more significant bar to the relief you now seek." *Id.* at 4-5 (5/11/22 Abraham-Lanier email).

At no time did Google provide Brazos with a basis for its apparent claim construction position that the term "mobile communications device" should be read to exclude the Accused Nest Products, nor did Google provide Brazos with any legal argument as to why Brazos's prior counsel's representations that it intended to dismiss the 584 Case (in light of Google's characterization of the limited scope of Accused Products at issue) should bear on Brazos's subsequent determination to proceed with the 584 Case.

### E.    Brazos's Proposed 584 Amended Complaint

Further to the ongoing meet-and-confer discussions relating to Brazos's infringement contentions, Brazos prepared and served a concomitant proposed amended complaint. *See* Ex. 45 at 4-5 (5/11/22 Abraham-Lanier email); *see also* Exs. 1 (clean) & 2 (redline). In brief, Brazos's proposed additions in its First Amended Complaint allege that:

- Google's Accused Nest Products each infringe the '697 patent that Brazos has asserted in the 584 Case (*see* Exs. 1 & 2 ¶¶ 54-75);

- Brazos "[t]o the extent required . . . has complied with the marking requirements of 35 U.S.C. § 287(a) with respect to the '697 Patent" (*id.* ¶ 78);

- Google has willfully infringed Brazos's '697 patent "by at least developing and releasing" the Accused Nest Products after receipt of Brazos's original complaint in this litigation (i.e., 584 Case ECF No. 1), which provided Google with knowledge of Brazos's infringement theory directed to "devices that utilize Motion

16

Sense such as, but not limited to the Pixel 4" (*id.* ¶¶ 82-84 (quoting 584 Case ECF No. 1 ¶ 46));

- Google "attempted to conceal Nest Hub 2nd Generation's infringement by neglecting to identify it as a potential Accused Product during litigation and instructing its employees not to publicly disclose certain information about the product" (*id.* ¶¶ 85-90; *see also id.* ¶ 93);

- Google similarly "did not identify the Nest Thermostat's operation in combination with the Google Home app as a potential Accused Product in response to discovery," notwithstanding that the Nest Thermostat, like the Pixel 4, also "senses motion using radar" (*id.* ¶¶ 91-93);

- Google pressured Brazos to dismiss the 584 Case based at least in part on representations intended to limit the scope of the case to the Pixel 4, and subsequently, upon mistakenly forming a belief "that it had succeeded in convincing Brazos to dismiss the case," updated its marketing materials—most notably including Google's website directed to the infringing Soli radar chip—to "add[] the Nest Thermostat and the Nest Hub 2nd Gen alongside the previously accused Pixel 4 as products also incorporating the same Soli radar chip and provide[] descriptions how those products similarly incorporate gestures and motion sensing technologies" (*id.* ¶¶ 94-96); and

- On receipt of Brazos's proposed amended contentions in the 584 Case, Google began an escalating campaign of repeatedly accusing Brazos of potential ethical violations were Brazos to proceed with an infringement case based on the Accused Nest Products (*id.* ¶¶ 97-101).

17

F.      **Further Schedule-Related Negotiations**

On April 26, following service of its proposed amended contentions, Brazos observed in correspondence with Google that "[o]ther than agreeing to an indefinite suspension of discovery- and expert-related deadlines since February 22, Google has thus far declined to engage with Brazos's prior scheduling proposals with any appreciable specificity—leaving Brazos unable to determine whether a mutually acceptable approach to future scheduling might exist"; Brazos also attached a revised proposed schedule for Google's consideration. Ex. 44 at 9-10 (4/26/22 Abraham-Lanier email).

After receipt of some high-level feedback from Google on April 29 and May 4, on May 12 Brazos provided Google with a further updated schedule proposal that contained alternate proposals based on Brazos's preferred reset trial date of January 2023, and Google's preferred reset trial date of mid-May 2023. *See id.* at 3-4 (5/12/22 Abraham-Lanier email); *see also* Ex. 47 (5/12/22 Proposed Amended Scheduling Order *[not agreed]*). Google then responded the following day to communicate that "there should be no representation or understanding that Google has agreed" to either set of dates, and noted that Google "will send [Brazos] an updated schedule proposal next week." See Ex. 44 at 2 (5/13/22 2:56PM Lanier-Abraham email). Brazos duly acknowledged Google's position, and then observed that "if Google is prepared to deliver an updated proposal leading to a proposed May trial date . . . it would seem to make more sense to include that with Brazos's initial submission to the Court." *Id.* at 1-2 (5/13/22 Abraham-Lanier email).

Later that day, Google represented that it was "working on the [schedule] proposal received yesterday but I don't expect we will have a concrete response until Monday or Tuesday." *Id.* at 1 (5/13/22 7:57 PM Lanier-Abraham email). Google has not further communicated with Brazos since May 13.

18

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) governs a motion for leave to file an amended pleading that is filed more than 21 days after the original complaint. But that rule does not apply in the first instance if the deadline to amend under the governing scheduling order has passed. In those circumstances, courts first apply Rule 16(b)(4), under which a scheduling order "may be modified only for good cause and with the judge's consent." *See Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015); *IDB Ventures, LLC v. Charlotte Russe Holdings, Inc.*, 360 F. Supp. 3d 541, 548 (E.D. Tex. 2018) (Bryson, J., sitting by designation). The identical good-cause requirement applies to a party's request to amend infringement contentions. *See, e.g.*, *Epistar Corp. v. Lowe's Cos. Inc.*, No. 6:20-CV-00420-ADA, ECF No. 67 at 3 (W.D. Tex. Aug. 4, 2021); *MV3 Partners LLC v. Roku, Inc.*, No. 6:18-CV-00308-ADA, ECF No. 146 at 1 (W.D. Tex. Mar. 23, 2020).

To determine if the moving party has shown such good cause, the Fifth Circuit has directed district courts to consider: (1) the explanation for the party's failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. *See United States ex rel. Bias v. Tangipahoa Parish Sch. Bd.*, 816 F.3d 315, 328 (5th Cir. 2016) (quoting S&W *Enters., LLC v. Southtrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003)); *see also Avialae S De RL De CV v. Cummins Inc.*, No. EP-19-CV-380-PRM, 2020 U.S. Dist. LEXIS 242272, at *5 (W.D. Tex. Aug. 24, 2020).

Upon a showing of good cause, "the more liberal standard of Rule 15(a) will apply to the district court's [consideration] of leave to amend" the pleadings. *Id.* (quoting *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420 (5th Cir. 2013) (internal quotation omitted)). Under Rule 15(a)(2),

19

assuming the opposing party does not consent to the requested amendment (as is so in this case), "[t]he Court should freely give leave [to amend] when justice so requires." Factors that a court considers in deciding whether to deny a motion for leave under Rule 15 include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment." *Id.* at *5-6 (quoting *Whitmire v. Victus Ltd.*, 212 F.3d 885, 889 (5th Cir. 2000)).

## IV.    ARGUMENT

Good cause supports Brazos's request to file the First Amended Complaint and serve its proposed Amended Infringement Contentions.

### A.    Brazos's Request for Leave Is Reasonably Timely Under the Circumstances of This Case

Brazos has good cause for not moving for leave to amend by the scheduling order's original July 16, 2021, deadline to amend pleadings. *See* ECF No. 29 at 3. Multiple factors have led to the circumstances under which Brazos seeks to amend its contentions at this time:

- In the 584 Case, Google released the newly infringing Accused Nest Products well after commencement of the case[10] and correspondingly updated its marketing

---

[10] Texas federal courts have regularly granted leave to amend contentions upon release of new products. *See, e.g.*, *Polaris PowerLED Techs., LLC v. Samsung Elecs. Am., Inc.*, No. 2:17-cv-715-JRG, 2019 U.S. Dist. LEXIS 235776, at *8-12 (E.D. Tex. Apr. 24, 2019) (granting motion to amend to add two new lines of accused products) ("The Note9 and Kant M2/M3 TVs had not yet been launched by the time Polaris served its initial infringement contentions, and Polaris was diligent in seeking discovery on these products and seeking to amend its contentions as soon as it became aware that these products might infringe"); *TiVo Inc., v. Verizon Commc'ns Inc.*, No. 2:09-CV-257-JRG, 2012 U.S. Dist. LEXIS 78431, at *12-13 (E.D. Tex. Jun. 6, 2012) (granting motion to amend to name accused product first sold after plaintiff served original contentions); *SmartPhone Techs. LLC v. HTC Corp.*, No. 6:10cv580 LED-JDL, 2012 U.S. Dist. LEXIS 68049,

materials only within the last few months (*see supra* at 8-11);

- Google's discovery responses in the 584 Case did not disclose existence of the Accused Nest Products[11] (*see supra* at 10);

- The parties' differing interpretations of Brazos's prior infringement contentions led to intractable confusion requiring intervention of the Court, in connection with which Google itself proposed as an option that "[██████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████" (Ex. 23 (2/17/22 Hrg. Tr.) at 15:20-16:3; *see also supra* at 7-8);

- Brazos did not have full access to Google's confidential source code evidence and deposition testimony until late in the discovery process—indeed, months after Brazos served its putatively final infringement contentions in May 2021[12] (*see supra* at 5-7);

- Brazos's former counsel's withdrawal disrupted the completion of fact discovery (*see supra* at 11-12); and

- Brazos's present counsel prepared and served its proposed amended contentions

_____

at *10-11 (E.D. Tex. Mar. 16, 2012) (granting leave to amend to accuse seventeen products released after plaintiff served original contentions).

[11] A plaintiff meets the first prong of the Fifth Circuit's "good cause" test when "a defendant withheld discovery responses that would support the additional new allegations." *Cantu v. Wayne Wilkens Trucking*, LLC, No. SA-19-CV-1067-XR, 2020 U.S. Dist. LEXIS 103104, at *7 (W.D. Tex. Jun. 11, 2020). Google's discovery conduct in at least the 584 Case meets this criterion.

[12] Texas federal courts have found good cause to grant leave to amend contentions when source code required further review. *See GREE, Inc. v. Supercell Oy*, No. 2:19-CV-00200-JRG-RSP, 2020 U.S. Dist. LEXIS 203422, at *2 (E.D. Tex. Mar. 26, 2020).

within approximately two weeks (572, 580, and 584 Cases) or one month (585 Case) of receiving Google's position that "Google cannot take a position . . . on [Brazos's] proposed schedule or the propriety of proposed amended infringement contentions, without seeing those contentions." Ex. 41 at 1 (3/21/22 Lanier-Abraham email). *See also* Exs. 7, 42-43 (4/1, 4/6 & 4/21/22 contention service emails); *supra* at 12-13.[13]

Under the totality of these circumstances, Brazos's motion for leave to amend is as timely as it reasonably could be.

### B.    Brazos's Allegations Are Well-Supported and Important to the Case

In some ways, the best evidence in support of the importance of Brazos's requested amendments comes from the admissions of Google's counsel during the February 17 hearing that in Google's view, "████████████████████████████████████████████ ███████████████████." Ex. 23 (2/17/22 Hrg. Tr.) at 24:8-10. Allowing Brazos to amend its contentions is the most efficient way to ensure that the parties can effectively join issue based on a shared set of foundational assumptions concerning the scope of these cases, thus ensuring that Brazos has the opportunity "to fully present its infringement theory." *MV3*, No. 6:18-CV-00308-ADA, ECF No. 146 at 3 ("The Court finds that this amendment is important because it allows [Plaintiff] to fully present its infringement theory.").

Similarly, Brazos's request to amend its complaint and contentions to add the newly released Accused Nest Products to the 584 Case is self-evidently important because, without that amendment, those products will not be part of this case, thus forcing Brazos to file a duplicative

---

[13] *See GREE*, 2020 U.S. Dist. LEXIS 203422 at *5 ("[T]he earlier the requested supplementation is sent to the other side, the more it shows diligence and mitigates potential prejudice.").

complaint should it wish to obtain redress as to the full scope of Google's infringement. *See, e.g.*, *GREE, Inc. v. Supercell Oy*, No. 2:19-cv-00310-JRG-RSP, 2020 U.S. Dist. LEXIS 237130, at *10 (E.D. Tex. Dec. 17, 2020) ("For the sake of judicial economy, it would be very advantageous to include the amended infringement contentions to avoid another suit. If the newly accused . . . feature is similar to the . . . feature already in dispute, it would be a significant waste of judicial resources to have another case on closely related issues. As such, this factor weighs significantly in favor of granting [Plaintiff's] Motion.").

Similarly, Brazos's request to amend to add parallel apparatus claims directed to the Pixel 4 to its 584 Case contentions is "undoubtedly important" in that it would allow Brazos "an alternate means to prove infringement." *Thomas Swan & Co. Ltd. v. Finisar Corp.*, No. 2:13-cv-178-JRG, 2014 U.S. Dist. LEXIS 191708, at *5 (E.D. Tex. Aug. 11, 2014) (citation omitted); *see also, e.g.*, *Harris Corp. v. Huawei Device USA, Inc.*, No. 2:18-CV-00439-JRG, 2019 U.S. Dist. LEXIS 151949, at *9-10 (E.D. Tex. Sept. 6, 2019) ("If true, then these products would be very important to Harris's infringement case and would open a new avenue for establishing infringement.").

### C.     Google Will Not Be Prejudiced by Brazos's First Amended Complaint Because a Continuance is Already Required

In the first instance, Google's prejudice if the Court grants Brazos's motion for leave to amend will be "minimal" because Google is already in possession of the relevant additional evidence that would need to be produced in discovery in response to Brazos's proposed amendments. *See, e.g.*, *GREE*, 2020 U.S. Dist. LEXIS 237130 at *12 ("The Court also recognizes that [Defendant], as the developer of the [accused] feature . . . would possess most, if not all, relevant discovery. The Court finds that granting [Plaintiff's] Motion may prejudice [Defendant], but that this prejudice is minimal.").

23

Similarly, "because [Brazos] chose to identify accused instrumentalities by functionality, [Google] should not be surprised by the addition of . . . products" consistent with that functionality "and will suffer little, if any, prejudice by way of the amendment." *Alacritech Inc. v. CenturyLink, Inc.*, No. 2:16-CV-00693-RWS-RSP, 2017 U.S. Dist. LEXIS 132859, at *11 (E.D. Tex. Aug. 20, 2017).

From a purely practical point of view, a continuance is readily available, given that the withdrawal of Brazos's prior counsel and the parties' subsequent agreement to adjourn all fact and expert discovery deadlines necessitates entry of a new case schedule. *See supra* at 12-13. In discussions relating to these cases' go-forward schedule, Brazos has attempted to meet Google halfway (or thereabouts) with respect to all requests that Google has actually shared with Brazos— be it accommodating additional time for amended invalidity contentions, supplemental claim construction, or scheduling proposed trial dates around Google's counsel's other preexisting commitments. *See supra* at 18-19; Ex. 44 at 3 (5/12/22 Abraham-Lanier email). This Court has expressly recognized that allowing for such sufficient time to respond mitigates any prejudice a defendant in Google's shoes might otherwise incur. *See Epistar*, No. 6:20-CV-00420-ADA, ECF No. 67 at 3-4 ("[A]ny prejudice experienced by Defendant is mitigated by granting Defendants additional time to respond. . . . [T]he Court GRANTS Epistar's Motion for Leave . . . . under the condition that Defendants receive enough time to respond to the amended contentions."). And while the parties have not yet come to rest on an agreed revised schedule, Brazos has committed to negotiate with Google in good faith to accommodate any further reasonable requests, and the parties will promptly seek the assistance of the Court as needed. *Cf. id.* at 3-4 ("If Defendants believe the current schedule unduly prejudices them and they are unable to agree with Plaintiff on

24

a schedule going forward, they are instructed to contact the Court to seek relief."); *see also* Ex. 44 at 3-4 (5/12/22 Abraham-Lanier email).

Moreover, this Court has also observed that is appropriate in circumstances such as these to weigh the prejudice that a defendant might suffer in comparison to prejudice that a plaintiff would suffer were leave to amend to be denied. *See MV3*, No. 6:18-CV-00308-ADA, ECF No. 146 at 4 ("Because of the importance of this amendment, [Plaintiff] will suffer significant prejudice, which cannot be cured by a continuance. By contrast, not only can any prejudice to [Defendant] be cured by a continuance, because [Defendant] delayed producing relevant documents, it partially created any ultimate prejudice it may suffer.").

On balancing the multiple factors in the Fifth Circuit's Rule 16(b)(4) "good cause" test, it is appropriate for the Court to grant Brazos's requests for leave to amend based on the totality of circumstances in these cases.

### D. For the Same Reasons, the Court Should Allow Leave to Amend Its Complaint Under Rule 15(a)(2)

As noted above, the default posture for a request for leave to amend under Rule 15 is that "[t]he Court should freely give leave when justice so requires." And there is significant overlap between the factors the Fifth Circuit directs be considered in the context of a Rule 15 analysis and Rule 16's "good cause" analysis. In particular, for reasons detailed above, Google cannot show any of "undue delay, bad faith or dilatory motive on the part of [Brazos] . . . , [or] undue prejudice to [Google] by virtue of the allowance of the amendment." *Avialae*, 2020 U.S. Dist. LEXIS 242272 at *5-6.

Otherwise, as to "repeated failures to cure deficiencies by amendments previously allowed" (*id.*), this is the first time that Brazos has requested leave to amend in these cases—and,

barring any forthcoming surprises from Google, Brazos does not expect it will be back before the Court on any similar requests.

Finally, as to potential "futility of the amendment" (*id.*), the sole argument that Google has so far specified to Brazos that might bear on this issue relates to Google's apparent position that, in the 584 Case, the asserted '697 patent's claim limitation directed to a "mobile communications device" necessarily excludes the Accused Nest Products because they are "stationary." *See* Ex. 45 at 6-8 (4/29/22 Lanier-Abraham email). But, as Brazos previously observed to Google, such an issue is more appropriate for evaluation in connection with a supplemental claim construction proceeding, rather than the truncated consideration permitted by this motion for leave to amend. *See, e.g.*, Ex. 45 at 4-5 (5/11/22 Abraham-Lanier email).

## V.     CONCLUSION

For the foregoing reasons, Brazos respectfully requests that the Court grant it leave to file its First Amended Complaint in the 584 Case, and to serve its Proposed Amended Final Infringement Contentions in each of the 572, 580, 584, and 585 Cases. Brazos has demonstrated its diligence in seeking these amendments; Brazos's requested amendments are unquestionably important in allowing this Court to efficiently adjudicate the full scope of Brazos's infringement claims against Google; and Google cannot point to any significant prejudice that Google would suffer, given that Brazos is prepared to work with Google and the Court to enter an amended scheduling order that allows Google sufficient opportunity to rebut Brazos's amended infringement allegations.

## VI.    ADDENDUM REGARDING RULE 11

Beyond the scope of its above motion for leave to amend, Brazos writes briefly to address Rule 11 allegations raised by Google during related meet-and-confer discussions.

As noted above, Brazos served its 584 Amended Contentions on Google on April 6, detailing, *inter alia*, Brazos's new infringement allegations as the Accused Nest Products. *See* Exs. 4, 7. Brazos had also previously informed Google on March 23, 2022, in the context of a draft joint status report (ultimately not submitted to the Court in that form), that Brazos intended to identify "[a]s accused products . . . additional products Google Nest Hub (2nd Gen) and Google Nest Thermostat." Ex. 47 (3/23/22 Siegmund-Jones email) attchmt. at 4.

Despite having been on notice of Brazos's intent to bring the Accused Nest Products into the case for over a month, on April 29, 2022, Google for the first time informed Brazos that the allegations in Brazos's 584 Amended Contentions, in Google's estimation, did not meet the requirements of Federal Rule of Civil Procedure 11, and purported to "provide[] WSOU with notice that Google will also seek all appropriate relief under Fed. R. Civ. P. 11(b)(1)-(3)" unless Brazos dismissed the 584 Case. Ex. 45 at 6-7 (4/29/22 Lanier-Abraham email). On May 6, Brazos responded at length, including citations to the intrinsic and extrinsic basis in the '697 patent for Brazos's infringement theories directed to the Accused Nest Products. *See id.* at 6 (5/6/22 Abraham-Lanier email); *see also* Ex. 46 (5/6/22 Abraham-Lanier letter).

On May 9, Google expanded the grounds upon which it challenged the sufficiency of Brazos's 584 Amended Contentions, by disclosing an intention to seek relief against Brazos's counsel under 28 U.S.C. Section 1927, directed to "multipl[ying] the proceedings in any case unreasonably and vexatiously." *See* Ex. 45 at 5-6 (5/9/22 Lanier-Abraham email). Brazos again responded to reiterate its good-faith basis to add the Accused Nest Products to the case. *See id.* at 4-5 (5/11/22 Abraham-Lanier email).

Following a further exchange between the parties, in which Brazos expressly "renew[ed] our request that Google disclose *with specificity* all grounds on which Google's accusations under

27

Rule 11 and Section 1927 are based" (*see id.* at 1-3 (5/11/22 & 5/12/22 Abraham-Lanier emails; emphasis in original), on May 13 Google then finally briefly reserved its rights to "take such steps and seek such relief as it deems appropriate as the case develops." *See id.* at 1 (5/13/22 Lanier-Abraham email).

The above recitation reflects the current state of affairs as of this filing. i.e., Google has not served Brazos with a proposed Rule 11 motion. And to be clear, Brazos does not request that the Court grant any relief in connection with this Supplemental Addendum, nor does Brazos contend that the Court need consider these facts in connection with Brazos's motion to amend, other than as already referenced above in Brazos's motion proper. *See supra* at  15-16 & Exs. 1-2 ¶¶ 97-101. Brazos primarily wishes by this supplemental addendum to ensure that it cannot credibly be characterized as having withheld material information from the Court's attention.

Date: May 20, 2022                            Respectfully submitted,


                                              */s/ Joseph M. Abraham*
                                              Joseph M. Abraham, TX SB No. 24088879
                                              Timothy Dewberry, TX Bar No. 24090074
                                              **FOLIO LAW GROUP PLLC**
                                              13492 Research Blvd., Suite 120, No. 177
                                              Austin, TX 78750
                                              T: 737-234-0201
                                              Email: joseph.abraham@foliolaw.com
                                              Email: timothy.dewberry@foliolaw.com

                                              Cliff Win, CA Bar No. 270517
                                              Steven Skelley, WA Bar No. 53017
                                              **FOLIO LAW GROUP PLLC**
                                              1200 Westlake Ave. N., Ste. 809
                                              Seattle, WA 98109
                                              Tel:    (206) 880-1802
                                              Email: cliff.win@foliolaw.com
                                              Email: steve.skelley@foliolaw.com

                                              Gregory P. Love
                                              State Bar No. 24013060
                                              Mark D. Siegmund
                                              State Bar No. 24117055
                                              **STECKLER WAYNE CHERRY & LOVE, PLLC**
                                              8416 Old McGregor Road
                                              Waco, TX 76712
                                              Tel.: (254) 651-3690
                                              Fax: (254) 651-3689
                                              greg@swclaw.com
                                              mark@swclaw.com

                                              *Attorneys for Plaintiff WSOU Investments,*
                                              *LLC d/b/a Brazos Licensing & Development*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of May 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and served a copy via email to all counsel of record.

*/s/ Joseph M. Abraham*
Joseph M. Abraham

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), counsel for Brazos conferred with counsel for Google via teleconference on April 19 and April 28, 2022 and extensively via email. Brazos discussed with Google the requested relief as set forth in this motion. Google currently opposes the relief sought in this motion.

*/s/ Joseph M. Abraham*
Joseph M. Abraham