IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING & DEVELOPMENT,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE, LLC<br><br>    Defendant. | Case No. 6:20-cv-00572-ADA<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY OF U.S. PATENT NO. 8,041,806 UNDER 35 U.S.C. § 101**

    Plaintiff Brazos respectfully submits the attached supplemental authority recently issued by the U.S. Court of Appeals for the Federal Circuit in further support of its Motion for Summary Judgment of No Invalidity under 35 U.S.C. § 101. *See* D.I. 118.

    In *Cooperative Entertainment, Inc. v. Kollective Technology, Inc.*, No. 2021-2167, — F.4th —, 2022 U.S. App. LEXIS 27138 (Fed. Cir. Sept. 28, 2022), the Federal Circuit reversed a district court's dismissal of Plaintiff's amended complaint, which had held that patent claims directed to "systems and methods of structuring a peer-to-peer (P2P) dynamic network for distributing large files" were patent-ineligible under Section 101. *Id.* at *1. The Federal Circuit explained that the patentee plausibly pled at least two inventive concepts that should have precluded the district court's finding of patent ineligibility.

First, the court found an alleged inventive concept in the network structure provided by the claims, which required "at least one P2P dynamic network and one content delivery server." *Id.* at *8. According to the specification, this network structure improves upon the prior art because the "prior art fails to provide video streaming over P2P networks outside the structure and control of CDNs." *Id.* (citation omitted). Benefits described by the specification included "by-passing any established or static content delivery network (CDN); advantageously, this saves time, improves redundancy, and also reduces or eliminates costs for content delivery over the CDN for the peer nodes." *Id.* at *9 (citation omitted). The court concluded "that claim 1 recites a specific technical solution that is an inventive concept: it recites a particular arrangement of peer nodes for distributing content *outside* controlled networks and/or [CDNs], which did not exist in the prior art." *Id.* at *11-12 (internal quotation marks and citations omitted) (emphasis in original).

Second, the court found another alleged inventive concept in the claims' recitation of the additional element of using trace routes to segment content. *Id.* at *17. According to the patent specification, segmenting content using trace routes provides "increased reliability, more redundancy, and more efficient delivery than those of the prior art." *Id.* at *15 (citation omitted). The court noted that while the prior art used trace routes as a network traffic test, that use "does not suggest or indicate using [a] trace route to segment requested content." *Id.* at *16 (citation omitted). The court concluded that the additional element of using trace routes to segment content "was not well-understood, routine, or conventional and 'recit[es] a specific technique for improving computer network' functioning." *Id.* at *17 (quoting *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1304 (Fed. Cir. 2019)).

Date: October 5, 2022                              Respectfully submitted,

**FOLIO LAW GROUP PLLC**

/s/ *Joseph M. Abraham*
Joseph M. Abraham, TX SB No. 24088879
Timothy Dewberry, TX Bar No. 24090074
13492 Research Blvd., Suite 120, No. 177
Austin, TX 78750
Tel.: 737-234-0201
joseph.abraham@foliolaw.com
timothy.dewberry@foliolaw.com

Cliff Win, Jr., CA Bar No. 270517
Steven Skelley, WA Bar No. 53017
1200 Westlake Ave. N., Ste. 809
Seattle, WA 98109
Tel.:   (206) 880-1802
cliff.win@foliolaw.com
steve.skelley@foliolaw.com

Gregory P. Love
State Bar No. 24013060
Mark D. Siegmund
State Bar No. 24117055
**STECKLER WAYNE CHERRY & LOVE, PLLC**
8416 Old McGregor Road
Waco, TX 76712
Tel.: (254) 651-3690
Fax: (254) 651-3689
greg@swclaw.com
mark@swclaw.com

*Attorneys for Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing & Development*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 5, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Joseph M. Abraham*
Joseph M. Abraham
