**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC d/b/a, BRAZOS LICENSING AND DEVELOPMENT** | § § § § § § | **Civil Case No. 6:20-cv-572-ADA** |
| *Plaintiff,* v. | § § § | |
| **GOOGLE LLC,** | § § | **JURY TRIAL DEMANDED** |
| *Defendant.* | § § § | |

**DEFENDANT GOOGLE LLC'S RESPONSE TO PLAINTIFF'S NOTICE OF
SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION FOR SUMMARY
JUDGMENT OF NO INVALIDITY OF
U.S. PATENT NO. 8,041,806 UNDER 35 U.S.C. § 101**

On October 5, 2022, Plaintiff WSOU Investments, LLC, filed a notice of supplemental authority that allegedly supports its motion for summary judgment under 35 U.S.C. § 101. (Dkt. 131). Defendant Google LLC hereby responds to that notice.

WSOU's notice refers to *Cooperative Ent., Inc. v. Kollective Tech., Inc.*, 2022 WL 4488902 (Fed. Cir. 2022). There, the Federal Circuit held that the challenged claims covered two inventive concepts: (i) using a dynamic peer-to-peer (P2P) network with multiple peer nodes that consume the same content while configured to communicate outside content distribution networks (CDN); and (ii) using trace routes in content segmentation. *Id.* at *3. The court emphasized that the claims "limit[ed] the *structural* and functional relationship between the P2P network and the content delivery server" by reciting a "multiplicity of peer nodes … distributed outside controlled networks," and the "specification explains how [the] structure is different from and improves upon the prior art, *especially the structural limitation* that the peer nodes consuming the same content

1

be distributed outside a controlled network." *Id*. (emphasis added).

*Kollective* involved claims directed to improving computer functionality itself, not using computers as tools for implementing an abstract idea (*i.e.*, delivering targeted content to users based on information about user behavior, as claimed in the '806 patent). The '806 patent explains that the recited "component[s] are described … *primarily in terms of their function*" because of "broad range of possible implementations." '806 patent at 7:3-8 (emphasis added); *see id.* at 5:26-30 ("[T]he present invention is not limited to any particular types of equipment, protocols, or operation.").

By contrast, this Court's recent decision *Broadband iTV, Inc., v. Amazon.com, Inc.*, 2022 WL 4703425 (W.D. Tex. Sept. 30, 2022), addressed claims directed to collecting information about a user's viewing history and using that information to present content. As this Court recognized, the "Federal Circuit has held patents directed to collecting information about a user's past behavior and providing content based on that information to be abstract and ineligible under § 101." *Id.* at *11. This Court also noted that "[m]any courts have held patents directed to collecting information about a user's past behavior and providing content based on that information to be abstract and ineligible." *Id*. at *12. This Court then explained that "functional claiming does not provide an inventive concept." *Id.* at *15.

Date: October 14, 2022

Respectfully submitted,

*/s/ Tharan Gregory Lanier with permission, by*
*Michael E. Jones*
Michael E. Jones (Texas Bar No. 10929400)
**Potter Minton, P.C.**
110 North College, Suite 500
Tyler, Texas, 75702
+1 (903) 597-8311
+1 (903) 593-0846 facsimile
mikejones@potterminton.com

Tharan Gregory Lanier )
**Jones Day**
1755 Embarcadero Road
Palo Alto, California, 94303
+1 (650) 739-3939
+1 (650) 739-3900 facsimile
tglanier@jonesday.com

Sasha Mayergoyz
**Jones Day**
77 W. Wacker Drive
Chicago, IL 60601
+1 (312) 782-3939
smayergoyz@jonesday.com

Tracy A. Stitt
Edwin O. Garcia
**Jones Day**
51 Louisiana Avenue NW
Washington, DC 20001
+1 (202) 879-3641
tastitt@jonesday.com
edwingarcia@jonesday.com

Michael A. Lavine
**Jones Day**
555 California Street
26th Floor
San Francisco, California 94104
+1 (415) 626-3939
mlavine@jonesday.com
*Attorneys for Defendant Google LLC*