████████████████████

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a<br>BRAZOS LICENSING & DEVELOPMENT<br><br>     *Plaintiff*,<br><br>  v.<br><br>GOOGLE LLC,<br><br>     *Defendant*. | Case No. 6:20-cv-00572-ADA<br><br>JURY TRIAL DEMANDED<br><br>████████████████ |

## GOOGLE'S MOTION TO EXCLUDE TESTIMONY OF
## WSOU'S DAMAGES EXPERT MR. CHASE PERRY

████████████████████████

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................. 1

II.     BACKGROUND .................................................................................. 2

    A.   Mr. Perry's Damages Are Based Entirely On YouTube TV Revenue—
        Not Google TV .............................................................................. 4

    B.   The Accused Functionality Is Limited To *Personalized* Recommendations
        From ████ .................................................................................. 4

    C.   Mr. Perry Admits That ████████████ Are Non-Infringing
        In The First Step Of His Analysis ................................................. 4

    D.   There Are No ████████ Revenues Based On ████████████
        ████████████████ In The Second Step Of Mr. Perry's Analysis ................... 6

    E.   Mr. Perry Admits He ██████████████ For His ████ Profit Split
        In The Fifth Step Of His Analysis ................................................ 7

III.    LEGAL STANDARD FOR EXPERT ADMISSIBILITY ................................ 8

IV.     MR. PERRY'S USE OF ████████████ REVENUE SHOULD BE
    EXCLUDED AS NON-INFRINGING SALES OR IMPROPER CONVOYED SALES
    IN THE FIRST STEP OF HIS ANALYSIS ................................................ 9

V.      MR. PERRY'S USE OF ████████████ REVENUE SHOULD BE
    EXCLUDED FOR THE INDEPENDENT REASON THAT IT IS NOT THE PRODUCT
    OF RELIABLE ECONOMIC PRINCIPLES OR METHODS ......................... 12

VI.     MR. PERRY'S ████ PROFIT SPLIT IN THE FIFTH STEP OF HIS ANALYSIS
    SHOULD BE EXCLUDED AS AN IMPROPER APPLICATION OF THE RULE OF
    THUMB OR NASH BARGAINING SOLUTION .......................................... 18

VII.    MR. PERRY SHOULD NOT BE ALLOWED TO OPINE ON GOOGLE TV BECAUSE
    HE OFFERS NO DAMAGES OPINION FOR THAT PRODUCT ...................... 20

VIII.   THIS COURT SHOULD PRECLUDE MR. PERRY FROM TESTIFYING ABOUT
    INFORMATION FOR WHICH ████████████████████████
    ████████████████ .................................................................... 20

    A.   This Court Should Exclude Mr. Perry's Testimony About
        Plaintiff's ████████████ .......................................................... 20

    B.   This Court Should Exclude Mr. Perry's Testimony About
        ████████ Based On His Conversations With And
        Opinions From ████████████ ..................................................... 22

IX.     CONCLUSION ................................................................................. 23

# TABLE OF AUTHORITIES

**Cases**                                                                                           **Page(s)**

*Bourjaily v. U.S.*,
   483 U.S. 171 (1987)................................................................................................................9

*Burleson v. Tex. Dep't. Crim. Justice*,
   393 F.3d 577 (5th Cir. 2004) ...............................................................................................12

*Enplas Display Device Corp. v. Seoul Semiconductor Co.*,
   909 F.3d 398 (Fed. Cir. 2018)..........................................................................................1, 9

*Ericsson, Inc. v. D-Link Sys., Inc.*,
   773 F.3d 1201 (Fed. Cir. 2014)...........................................................................................12

*GE v. Joiner*,
   522 U.S. 136 (1997)........................................................................................................2, 18

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*,
   318 F. Supp. 1116 (S.D.N.Y. 1970)...................................................................................10

*Knight v. Kirby Inland Marine, Inc.*,
   482 F.3d 347 (5th Cir. 2007) ...............................................................................................12

*Realtime Data, LLC v. Actian Corp.*,
   No. 6:15-cv-00463 (E.D. Tex. Mar. 24 2017), ECF No. 482 ..............................................10

*ResQNet.com, Inc. v. Lansa, Inc.*,
   594 F.3d 860 (Fed. Cir. 2010).............................................................................................20

*Riles v. Shell Exploration & Prod. Co.*,
   298 F.3d 1302 (Fed. Cir. 2002)...........................................................................................10

*Uniloc USA, Inc. v. Microsoft Corp.*,
   632 F.3d 1292 (Fed. Cir. 2011)...............................................................................2, 11, 19

*VirnetX, Inc. v. Cisco Sys., Inc.*,
   767 F.3d 1308 (Fed. Cir. 2014).................................................................................11, 19, 20

**Rules**

FED. R. EVID. 702.....................................................................................................................8, 9

FED. R. EVID. 104(a) ....................................................................................................9

FED. R. CIV. P. 37(c) ..................................................................................................21

███████████████████████████████

## TABLE OF EXHIBITS

| Exhibit | Description |
|---------|-------------|
| 1 | Expert Report of Chase A. Perry Regarding Damages dated March 30, 2023, including Attachments C, E, F, G |
| 2 | Supplemental Expert Report of Chase A. Perry Regarding Damages dated May 16, 2023, including Supplemental Attachment G |
| 3 | Excerpted Transcript of Mr. Chase Perry Deposition (Vol. 1) dated May 22, 2023 |
| 4 | GOOG-WSOU572-00092833 |
| 5 | GOOG-WSOU572-00036331 |
| 6 | GOOG-WSOU572-00166638 |
| 7 | GOOG-WSOU572-00034731 |
| 8 | GOOG-WSOU572-00038598 |
| 9 | Plaintiff's Objections and Responses to Google's First Set of Requests for Production |
| 10 | September 15, 2021 Correspondence regarding discovery from WSOU to Google |
| 11 | Plaintiff's Objections Google's Rule 30(b)(6) Deposition Notice |
| 12 | Excerpted Deposition Transcript of Mr. Craig Etchegoyen |
| 13 | Excerpted Deposition Transcript of ████████████ |
| 14 | Plaintiff' 3rd Supplemental Rule 26(a) Disclosures |

*\* Emphasis and highlighting added throughout unless indicated otherwise.*

*\*\* Deposition objections removed unless indicated otherwise.*

███████████████████████████████

## I.    INTRODUCTION

Nearly half of WSOU's ████████ damages claim in this case is based on products that WSOU's expert Mr. Perry admits are non-infringing.  Mr. Perry starts his calculations using ██ ███████████████████████████████████████████████████████████. But Mr. Perry admits that two of those products—███████████████—are not accused and do not contain the accused functionality.

Despite admitting that ██████████████ are non-infringing, Mr. Perry counts ██ ███████████ from these two products.  He can only do so if █████████████ meet the requirements for convoyed sales of non-patented products.  Yet Mr. Perry has not attempted to make this showing because he denies that convoyed sales apply to this case.  It is axiomatic that "reasonable royalty *damages cannot include activities that do not constitute patent infringement,* as patent damages are limited to those 'adequate to compensate for the infringement.'"  *Enplas Display Device Corp. v. Seoul Semiconductor Co.*, 909 F.3d 398, 411-412 (Fed. Cir. 2018).  Thus, as a threshold matter, Mr. Perry's inclusion of ████████████ revenue should be excluded as non-infringing or improper convoyed sales.

Separately, Mr. Perry's reliance on non-infringing ██████████ revenue should be excluded as inadmissible *ipse dixit.*  Mr. Perry's only proffered explanation for counting ██ ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ ████████████████████████████████████████████:

███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████

Mr. Perry points to no evidence in his report for this leap.  Nor could Mr. Perry point to

any Google document during his deposition.  This is not an issue of weight.  This is "simply too great an analytical gap" that is not the product of reliable economic principles nor carefully tied to proof of the claimed invention's footprint in the marketplace.  *GE v. Joiner*, 522 U.S. 136, 146 (1997).  "[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert."  *Id*. Here, Mr. Perry's *ipse dixit* "cannot help but skew the damages horizon for the jury" by ▓▓▓▓▓▓ ▓▓▓▓▓.  *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320 (Fed. Cir. 2011).  This is an independent ground to exclude Mr. Perry's use of non-infringing ▓▓▓▓▓▓▓▓▓▓ revenue.

Mr. Perry also applies a ▓▓▓ profit split near the end of his calculations.  He admits that he simply ▓▓▓▓▓▓▓▓▓ in arriving at this figure.  By Mr. Perry's own admissions, his ▓▓ profit split is an improper application of the Nash Bargaining Solution or rule of thumb repeatedly rejected by the Federal Circuit and should be excluded.

In addition, are two accused products in this case—YouTube TV and Google TV.  But Mr. Perry admits he only relies on YouTube TV to calculate his ▓▓▓▓▓▓▓▓▓.  Having failed to offer a damages opinion for Google TV in his report, Mr. Perry should not be allowed to do so at trial.  Lastly, Mr. Perry should be excluded from opining on ▓▓▓▓▓▓▓▓ when WSOU refused discovery on this issue earlier in the case.

## II.    BACKGROUND

Mr. Perry submits that WSOU is entitled to ▓▓▓▓▓▓▓▓▓▓▓ for alleged infringement of U.S. Patent No. 8,041,806 ("the '806 patent").  (Ex. 1, Perry Rpt. ¶ 3).  He opines that the hypothetical negotiation would occur ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ and Google.  (*Id.* at ¶ 48).  Mr. Perry uses the following six steps:



Ex. 2, Supp. Perry Rpt. at Supp. Attachment G ("Perry Supp. G"). Although there are multiple problems in Mr. Perry's analysis, the instant motion addresses steps 1, 2, and 5.

  As discussed below, Mr. Perry admits that ▮▮▮▮▮▮▮▮▮▮ are not accused of infringing the '806 patent. Ex. 3, Perry Dep. Vol. 1, 54:20-24; 75:12-76:1. Furthermore, Google's financial data shows there are no ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

████████████████████████████

### A.      Mr. Perry's Damages Are Based Entirely On YouTube TV Revenue—Not Google TV

The accused products are two video streaming services: YouTube TV and Google TV. Perry Rpt. ¶ 19.  Google produced financial data for both products.  Mr. Perry, however, only relied on YouTube TV revenues in calculating his ██████████ ████████  *See* Perry Supp. G. Mr. Perry further acknowledged this in his deposition:



Perry Dep. Vol. 1, 26:20-24. Perry Dep. Vol. 1, 75:12-76:1

### B.      The Accused Functionality Is Limited To *Personalized* Recommendations From ████

There is no dispute that YouTube TV and Google TV are multi-component products each with hundreds of components and features.  There also is no dispute that the accused functionality is limited to "the *personalized* recommendation features within YouTube TV and Google TV" implemented by ████████████████.  *Id.* at 39:22-25, 48:10-17, 11:3-6; Perry Rpt. ¶ 20.

Mr. Perry acknowledges that not all recommendations in YouTube TV and Google TV are personalized and these accused products include "non-patented features."  Perry Dep. Vol. 1, 52:8-12; 11:3-6.  For example, ████████████████████████████████████████████████████████████████████████████████████████████████.  Perry Rpt. ¶¶ 32, 40; Perry Dep. Vol. 1, 84:6-9.

### C.      Mr. Perry Admits That ████████████████ Are Non-Infringing In The First Step Of His Analysis

For his first step, Mr. Perry uses ████████████████████████████████████



Perry Supp. G (pink highlighting added; yellow highlighting in original).

Mr. Perry defines ███████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████:

Perry Dep. Vol. 1, 54:20-24.

Mr. Perry also acknowledges that the accused functionality is limited to personalized recommendations and, to the extent any advertising on YouTube TV is personalized, that is not accused of infringement:

5

███████████████████████████

████████████████████████████████████████████████████████████████████████

Perry Dep. Vol. 1, 75:12-76:1.

In sum, Mr. Perry admits that ████████████████, including personalized advertisements, are not accused of infringement in this case and do not include the accused ████ ████████.

**D.    There Are No** ██████████████████████████ **In The Second Step Of Mr. Perry's Analysis**

For his second step, Mr. Perry identifies ██████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████. Perry Dep. Vol. 1, 52:9-12; 55:9-15.

███████████████████████████████████████████

Perry Supp. G (yellow highlighting in original).

Notably, none of the documents Mr. Perry cites for these ████████████████████ ████████████████████████████████████. For example, ████████████████████ ████████████████████████████████████████████████████████████████████████

▌



*See* Ex. 4, GOOG-WSOU572-00092833 at -92919-92920 (yellow highlighting and red square

added); *see also* Perry Attachment F (citing to -92919-92920 for ▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮

    For his proposition that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮, Mr. Perry merely provides the following explanation:

Perry Supp. G, fn. "I" (yellow highlighting added).

    Similarly, the Google documents Mr. Perry relies on for his ▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮ as discussed in Section V below.

   **E.    Mr. Perry Admits He** ▮▮▮▮▮▮▮▮▮▮▮▮ **For His** ▮▮ **Profit Split In
           The Fifth Step Of His Analysis**

    Near the end of his calculations, Mr. Perry multiples by ▮▮ to reflect a "profit split"

between ▮▮▮ and Google.  *See* Perry Supp. G at step "E".  Mr. Perry explains that his ▮▮▮



Perry Dep. Vol. 1, 85:2-12.  Lastly, Mr. Perry concedes that he ▮▮▮▮▮▮ ▮▮:

Perry Dep. Vol. 1, 109:25-110:15.

## III.   LEGAL STANDARD FOR EXPERT ADMISSIBILITY

"Judicial gatekeeping is essential" to protect jurors from unreliable expert opinions.  Fed.

R. Evid. 702, Advisory Committee note on 2023 amendment.  Both Federal Rules of Evidence

702 and 104(a) govern this gatekeeping function.  Rule 702 requires that expert testimony be "the product of reliable principles and methods."  Fed. R. Evid. 702(c).  To be admissible, Rule 104(a) requires that expert testimony satisfy Rule 702's requirements for reliability by a preponderance of the evidence.

The forthcoming 2023 amendments to Rule 702 clarify that the preponderance standard applies to current Rule 702 because "jurors may be unable, due to lack of specialized knowledge, to evaluate meaningfully the reliability of scientific and other methods underlying expert opinion."  Fed. R. Evid. 702, Advisory Committee note on 2023 amendment.  "The preponderance standard ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration."  *Bourjaily v. U.S.*, 483 U.S. 171, 175 (1987).

## ARGUMENT

**IV.  MR. PERRY'S USE OF** ▮▮▮▮▮▮▮▮▮▮▮▮▮ **REVENUE SHOULD BE EXCLUDED AS NON-INFRINGING SALES OR IMPROPER CONVOYED SALES IN THE FIRST STEP OF HIS ANALYSIS**

It is "improper to award [] reasonable royalty damages for the defendant's sale of . . . non-infringing  products, because ***acts that do not constitute patent infringement cannot provide a proper basis for recovery of damages under section 284***."  *Enplas Display*, 909 F.3d at 411-412.  Here, there is no dispute that ▮▮▮▮▮▮▮▮▮▮▮▮ are non-infringing because they do not include the accused personalized recommendation/▮▮▮▮▮▮▮



Perry Dep. Vol. 1, 54:20-24, 75:12-76:1.

Perry Supp. G (pink highlighting added; yellow highlighting in original).

Properly applied, under the hypothetical negotiation framework that Mr. Perry purports to use, sales of these non-accused products are counted if they meet the requirements for convoyed sales under *Georgia-Pacific* factor 6. *See Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) (explaining that *Georgia-Pacific* factor 6 is "[t]he effect of selling the patented specialty in promoting sales of other products of the licensee; that existing value of the invention to the licensor as a generator of sales of his non-patented items; and the extent of such derivative or convoyed sales")*.*

To "meet the admissibility standards prescribed by Daubert, an expert who wishes to include convoyed sales in a royalty base must at least present a clear explanation of 1) why and how the purported convoyed sales are tied to the sales of the accused products and 2) what value of the royalty base is attributable to the accused products themselves versus the convoyed sales." *Realtime Data, LLC v. Actian Corp.*, No. 6:15-cv-00463 (E.D. Tex. Mar. 24 2017), ECF No. 482 at 6 (striking convoyed sales opinion for failure to show non-accused product was tied to sales of

accused functionality); *Riles v. Shell Exploration & Prod. Co.*, 298 F.3d 1302, 1312 (Fed. Cir. 2002) (excluding convoyed sales used in lost profits because expert did not "associate [the] proposed royalty with the value of the patented method at all, but with the unrelated cost of the entire Spirit platform"). Mr. Perry has done neither here.

Mr. Perry does not attempt to show that ███████████████████ convoyed sales because he denies that convoyed sales apply to this case at all:

Perry Dep. Vol. 1, 26:10-14; Perry Rpt. ¶ 37.

Mr. Perry also denies having to identify what value of the ████████████████

████████████████████████ Perry Dep. Vol. 1, 24:11-17. Mr. Perry's testimony exemplifies the fundamental flaw of counting non-infringing products. It is impossible to apportion the value of patented and non-patented features when the entire product is non-infringing. Nor can any subsequent deductions cure the fact that Mr. Perry's starting point of

███████████████ be permitted to circumvent the requirements of convoyed sales under the guise of an "incremental benefits analysis." The Federal Circuit instructs that ***"[n]o matter what the form of the royalty***, a patentee must take care to seek only those damages attributable to the infringing features." *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1326 (Fed. Cir. 2014). "***The patentee must in every case*** give evidence tending to separate or apportion the defendant's profits and the patentee's damages between the patented feature and the unpatented features, and

███████████████████████████████████

such evidence must be reliable and tangible, and not conjectural or speculative." *Uniloc USA Inc.*

*v. Microsoft Corp.*, 632 F.3d 1292, 1318 (Fed. Cir. 2011).

Simply put, Mr. Perry's inclusion of non-accused ████████████████████ should

be excluded as non-infringing or improper convoyed sales.  The reasonable royalty must only

"reflect the value attributable to the infringing features of the product, and no more." *Ericsson,*

*Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1226 (Fed. Cir. 2014).

## V.     MR. PERRY'S USE OF ████████████████████ REVENUE SHOULD BE EXCLUDED FOR THE INDEPENDENT REASON THAT IT IS NOT THE PRODUCT OF RELIABLE ECONOMIC METHODS

 The Court is not required to "admit opinion evidence that is connected to existing data

only by the *ipse dixit* of the expert" and may "rightfully exclude expert testimony where a court

finds that an expert has extrapolated data, and there is '***too great an analytical gap between the***

***data and the opinion proffered***.'"  *Burleson v. Tex. Dep't. Crim. Justice*, 393 F.3d 577, 587 (5th

Cir. 2004).  Here, Mr. Perry's ████████████████ opinions suffer from not just one great

analytical gap, but two.  Each is reason alone to exclude these opinions.

<u>**First**</u>, Mr. Perry's Supplemental Attachment G to his report shows his erroneous premise

that the ██████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████.

███



Perry Supp. G (yellow highlighting in original).

This is Mr. Perry's first analytical gap that renders his ████████████ opinions unreliable and inadmissible.  None of the documents Mr. Perry cites for these ████████ ████████████████████. *See id.* at fn. I (citing GOOG-WSOU572-00036331 at 36349-36350, Ex. 5 hereto, which makes no mention of ████████████ ████████ (citing GOOG-WSOU572-00166638 at -166638-39, Ex. 6, same); (citing GOOG-WSOU572-00034731 at -34738, Ex. 7, same).  Nor is there a basis for Mr. Perry to conclude that all ████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████.

Mr. Perry appears to seize on these ████████████████████████ ████████████████████████████████████████████.  Perry Rpt. ¶ 85.  But none of the documents Mr. Perry cites ████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████

████████████████████ █ ███████████████████

████████████████████████████████████

████████████████████████████████████

█████████████████████ █ Nothing in these documents makes that leap; they do not even mention ████████████████.

For example, Mr. Perry cites to the following ██████████████████

████████████████████████████████████

███████████████████████████ ███████████

████████████████████████████████████

████████ . This is an artifact created by Mr. Perry.



*Id.*

████████████████, Mr. Perry relies on the excerpts shown below from two Google presentations. ███████████████████████



Ex. 5, GOOG-WSOU572-00036331at -36349-36350 (highlighting added).

Ex. 7, GOOG-WSOU572-00034731 at -34738 (highlighting added).

As shown above,

Ex. 6, GOOG-WSOU572-00166638-166641 at 166639 (highlighting added).

In sum, these documents make no mention of

. But that is exactly what Mr. Perry has done here:

Mr. Perry's leap from                                                    is

not the product of reliable economic principles nor carefully tied to the facts of this case.  This is

inadmissible *ipse dixit*.

**Second**, compounding the analytical gap, Mr. Perry further leaps to the conclusion that the

.  Mr.

16

████████████████████████████████████

Perry points to no document or data for this conclusion. ████████████████████████

████████████████████████████████████

█████████████████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████████████████

Perry Supp. G at fn. I (█████████████████████████████████

███████████████████████████████████████████

███████████████████████████████ This simply is not the product of
reliable principles and methods as Rules 702 and 104(a) require and does not meet the
preponderance standard.

As background, Mr. Perry's report mentions the excerpt below from a Google presentation
about ██████████████████████████. Perry Rpt. ¶ 38. This excerpt does not
bridge Mr. Perry's analytical gaps. █████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████

████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████

███████████████████████████████████████████

Ex. 8, GOOG-WSOU572-00038598-38664 at -38601.

At best, █████████████████████████████████████████████████████████████

███████████████████████████████████████████████. Such great gaps are

not issues of weight, but of inadmissibility.   And the Court may "rightfully exclude expert

testimony where a court finds that an expert has extrapolated data, and there is '***too great an***

***analytical gap between the data and the opinion proffered***.'"   *Burleson*, 393 F.3d at 587.

Mr. Perry's use of ██████████████████████████████ is mere guesswork that

does not meet the reliability tests of Rules 702 and 104(a).   Accordingly, Mr. Perry's opinions

regarding ████████████████████████ should be excluded.

## VI.   MR. PERRY'S ███ PROFIT SPLIT IN THE FIFTH STEP OF HIS ANALYSIS SHOULD BE EXCLUDED AS AN IMPROPER APPLICATION OF THE RULE OF THUMB OR NASH BARGAINING SOLUTION

Mr. Perry applies a ████ profit split near the end of his calculations.   This ████ profit split

is indistinguishable from the banned 25% rule of thumb or Nash Bargaining Solution and should

likewise be excluded as a matter of law for failing to fit the facts of the case.

In *Uniloc*, the Federal Circuit held as a matter of law that "the 25 percent rule of thumb is

a fundamentally flawed tool" that is "inadmissible under *Daubert* and the Federal Rules of

Evidence."   *Uniloc*, 632 F.3d at 1311.   By "hypothesizing that 25% of the value of the product

would go to the patent owner," the rule of thumb "made too crude a generalization about a vastly

more complicated world."   *VirnetX*, 767 F.3d at 1315, 1332.   For these same reasons, the Federal

Circuit has rejected the Nash Bargaining Solution, which assumes a rough 50/50 split of profits

between the parties to the hypothetical negotiation.   *Id.*

Here, Mr. Perry explains that his ██████████████████████████████████████

████████████████████████████████████   Perry Rpt. ¶ 88.   But Mr. Perry

███████████████████████████████████████████████████████████████



Perry Rpt. ¶ 12.  Mr. Perry further admitted in his deposition that ███████████████████
████████████████████████████████████████████:

Perry Dep. Vol. 1, 85:2-12.

Like the Nash Bargaining Solution, Mr. Perry admits he ███████████████████ █████

By Mr. Perry's own admissions, his █████████████████████████████
████████████████████████ This is reason alone to exclude his profit split because
it does not "carefully tie proof of damages to the claimed invention's footprint in the market place."
ResQNet.com, 594 F.3d at 869.  In addition, Mr. Perry admits that he simply █████████████
█████████████████████████████████████████████████████.  As such,
█████████████████████is indistinguishable from the 50/50 Nash Bargaining Solution or 25%

Perry Dep. Vol. 1, 109:25-110:15.

19

████████████████████████████████

rule of thumb.  Like those crude methodologies, Mr. Perry's ████████████ "run[s] the significant

risk of inappropriately skewing the jury's verdict" by having the false appearance of "balanc[ing]

out an unreasonably high royalty base" and should be excluded.  *VirnetX*, 767 F.3d at 1333.

Accordingly, Mr. Perry's opinions regarding his ████ profit-split should be excluded.

## VII.   MR. PERRY SHOULD NOT BE ALLOWED TO OPINE ON GOOGLE TV BECAUSE HE OFFERS NO DAMAGES OPINION FOR THAT PRODUCT

Mr. Perry's ████████ ████████ opinion is based solely on YouTube TV revenues.

Mr. Perry further acknowledged in his deposition that he did not rely on Google TV revenue for

his reasonably royalty calculations in this case:

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

A.  *That is correct.*

Perry Dep. Vol. 1, 26:20-24.

Having failed to offer a damages opinion for Google TV in his report, Mr. Perry should

not be allowed to offer any such opinions at trial.

## VIII.  THIS COURT SHOULD PRECLUDE MR. PERRY FROM TESTIFYING ABOUT INFORMATION  FOR  WHICH  ███████████████████████████████ ████████████████████

### A.   This Court Should Exclude Mr. Perry's Testimony About Plaintiff's ████████ █████████

For the first *Georgia Pacific* factor, Mr. Perry addresses various licenses ████████

████████████████████████████.  *See, e.g.,* Ex. 2 at ¶¶ 51-54.  Mr. Perry

attempts to ██████████████████████████████████████████████████

████████████████████████████████.  *Id.*  Because  Plaintiff  denied  Google  any

document or deposition discovery about the ██████████████████, this Court should

preclude Mr. Perry from offering any testimony about those ████████.[1]

In his report, Mr. Perry opines that ████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████

This Court should exclude Mr. Perry's testimony about licensing negations because

Plaintiff refused to provide discovery on that issue.  Responding to document requests, Plaintiff

asserted that ████████████████████████████████████

████████  In correspondence, Plaintiff insisted that ██████████████████████

████████████████████████████████████████████

████████████████████  Ex. 10 at 1-2.  Plaintiff further stated that it ████████████

████████████████████████████████████████████

██████████████████  Ex. 11 at 29-30, 35-36.  At his deposition, Mr. Etchegoyen

---

[1]     Google makes similar arguments in its Motion to Exclude WSOU's damages expert
Mr. Perry's testimony in the -584 case.

███████████████████████

doubled-down on that position, stating that ████████████████████████████████

███████ Ex. 12 at 130:23-24.

███████████████████████████████████████████

████████████████████████. In such circumstances, Rule 37 is clear and self-

executing: "If a party fails to provide information … as required by Rule 26[e], the ***party is not***

***allowed to use that information*** … to supply evidence … at a trial."  Fed. R. Civ. P. 37(c). ▮

██████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████

**B.    This Court Should Exclude Mr. Perry's Testimony About** ████████████
████████ **Based On His Conversations With And Opinions From** ████████
████████

Mr. Perry identifies Google and ██████████████████████. (Ex. 1 at

¶ 48).  Mr. Perry also opines about ██████████████████. *Id.* at ¶¶ 61-70.  Mr. Perry—who

███████████████████████████████████████████

████—relies on his conversations with ██████████████████ opinion about

████████████████ at the time of the hypothetical negotiation.  *Id.* at ¶ 61.  Expert

testimony must be both reliable and relevant.  Fed. R. Evid. 702.  Here, Mr. Perry's testimony

relying on conversations with and testimony from ██████████ is improper and should be

excluded for at least three reasons.

First, any information from ██████████ is not relevant.  ██████████ never worked

████.  Ex. 13 at 89:10-13.  Second, any opinions that ██████████ conveyed to Mr. Perry

are unreliable and inadmissible.  Plaintiff disclosed ██████████ as a fact witness, not an expert.

Ex. 14 at 2; Ex. 13 at 89:6-9.  ██████████ never submitted a report in this case.  In fact, █

██████████ admits that he is not an expert in the field nor designated as an expert in this case.  Ex.

█████████████████████████████

13 at 55:8-11, 59:3-8.  Accordingly, it is improper for Mr. Perry to rely on or testify about any opinion that ██████████ conveyed to him.

Third, and given the two reasons above, Plaintiff cannot "smuggle[] inadmissible opinion testimony past the expert-disclosure and expert-discovery obligations imposed by the discovery and evidentiary rules by offering ██████████ as a lay witness," which would "unfairly influence the jury."  *In re: Taxotere (Docetaxel) Prod. Liab. Litig.*, 26 F.4th 256, 267 (5th Cir. 2022).  Yet that is what Mr. Perry's testimony about ██████████ attempts to do. Accordingly, this Court should exclude any testimony from Mr. Perry regarding ██████████ ████████ based on conversations with and opinions from ██████████, including such testimony found at least in ¶ 61 of his report.

## IX.   CONCLUSION

For these reasons, Google respectfully requests exclusion of Mr. Perry's damages opinions related to (i) ██████████ revenue, (ii) any ████ profit split, (3) Google TV, and (4) ██████████ and discussions about ██████████ based on his conversations with and opinions from ██████████.

Dated:  June 28, 2023

Respectfully submitted,

By: */s/ T. Gregory Lanier, with permission by*
*Shaun W. Hassett*

    Michael E. Jones (Texas Bar 10929400)
    Shaun W. Hassett (Texas Bar 24074372)
    **POTTER MINTON, P.C.**
    102 North College, Suite 900
    Tyler, Texas, 75702
    (903) 597-8311
    (903) 593-0846 facsimile
    mikejones@potterminton.com
    shaunhassett@potterminton.com

    T. Gregory Lanier (*pro hac vice*)
    (California Bar No. 138784)
    **JONES DAY**
    1755 Embarcadero Road
    Palo Alto, California 94303
    (650) 739-3939
    (650) 739-3900 facsimile
    tglanier@jonesday.com

    ***Attorneys for Defendant Google LLC***

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on June 28, 2023.

I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on June 28, 2023.

/s/ *T. Gregory Lanier*
T. Gregory Lanier