# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a, BRAZOS LICENSING AND DEVELOPMENT,<br><br>             *Plaintiff*,<br><br>v.<br><br>GOOGLE LLC,<br><br>             *Defendant*. | Civil Case No. 6:20-cv-00572-ADA<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT GOOGLE LLC'S MOTION TO EXCLUDE CERTAIN OPINIONS OF TECHNICAL EXPERT WILLIAM MANGIONE-SMITH

**TABLE OF CONTENTS**

Page

LEGAL STANDARD FOR EXPERT ADMISSIBILITY ............................................................. 1

I. THIS COURT SHOULD EXCLUDE ANY TESTIMONY FROM DR. MANGIONE-SMITH THAT SKILLED ARTISANS WOULD NOT BE MOTIVATED TO MODIFY A PRIOR-ART REFERENCE THAT DOES NOT IDENTIFY GAPS OR DEFICIENCIES IN ITS DISCLOSURE ..................................... 2

CONCLUSION ................................................................................................................................ 4

# TABLE OF AUTHORITIES

Page

**CASES**

*Alza Corp. v. Mylan Labs., Inc.*,
   464 F.3d 1286 (Fed. Cir. 2006)...................................................................................................3

*Bourjaily v. United States*,
   483 U.S. 171 (1987).....................................................................................................................1

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993).....................................................................................................................2

*Huawei Techs. Co. v. Iancu*,
   813 F. App'x 505 (Fed. Cir. 2020) ..............................................................................................3

*Huddleston v. United States*,
   485 U.S. 681 (1988).....................................................................................................................1

*L'Oreal USA, Inc. v. Olaplex, Inc.*,
   844 F. App'x 308 (Fed. Cir. 2021) ..............................................................................................3

*Ravgen, Inc. v. Lab. Corp. of Am. Holdings*,
   6:20-cv-00969-ADA, Dkt. 226 (W.D. Tex. 2022) ......................................................................2

*Unwired Planet, LLC v. Google Inc.*,
   841 F.3d 995 (Fed. Cir. 2016).....................................................................................................3

**OTHER AUTHORITIES**

Fed. R. Evid. 104 ............................................................................................................................1

Fed. R. Evid. 702 .......................................................................................................................1, 2

*\* Emphasis added throughout unless indicated otherwise.*

*\*\* Deposition objections removed unless indicated otherwise.*

## TABLE OF EXHIBITS

| EXHIBIT | DESCRIPTION |
|---|---|
| 1 | 2023-04-28 Rebuttal Expert Report of William Mangione Smith |

## LEGAL STANDARD FOR EXPERT ADMISSIBILITY

The admissibility of expert testimony is governed by Federal Rule of Evidence 702. Under Federal Rule of Evidence 104(a), the proponent of expert evidence must satisfy **each** requirement of Rule 702 by a preponderance of evidence. "The preponderance standard ensures that before admitting evidence, the ***court will have found it more likely than not*** that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration." *Bourjaily v. United States*, 483 U.S. 171, 175 (1987); *see Huddleston v. United States*, 485 U.S. 681, 687 n.5 (1988) ("[P]reliminary factual findings under Rule 104(a) are subject to the preponderance-of-the-evidence standard.").

While some courts have not always applied the preponderance standard to all the components of Rule 702, and "many courts have held that the critical questions of the sufficiency of an expert's basis, and the application of the expert's methodology, are questions of weight and not admissibility," the Advisory Committee on the Federal Rules of Evidence recently made clear that "[t]hese rulings ***are an incorrect*** application of Rules 702 and 104(a)." Fed. R. Evid. 702 advisory committee's note to 2023 amendment. Amendments to Rule 702, which will become effective on December 1, 2023, "clarif[y] that the preponderance standard applies to the three reliability-based requirements added in 2000—requirements that many courts have incorrectly determined to be governed by the more permissive Rule 104(b) standard." *Id.* The amendments provide that under the current and the amended rule, "each expert opinion must stay within the bounds of what can be concluded from a reliable application of the expert's basis and methodology." *Id.*

Rule 702's requirements must be rigorously enforced given the court's gatekeeping function, pursuant to which "the trial judge must ensure that any and all [expert] testimony or

1

evidence admitted is not only relevant, but reliable." *Daubert v. Merrell Dow Pharms., Inc*., 509 U.S. 579, 589, 597 (1993).  As the recent Advisory Committee notes emphasize: "Judicial gatekeeping *is essential* because just as jurors may be unable, due to lack of specialized knowledge, to evaluate meaningfully the reliability of scientific and other methods underlying expert opinion, jurors may also lack the specialized knowledge to determine whether the conclusions of an expert go beyond what the expert's basis and methodology may reliably support." Fed. R. Evid. 702 advisory committee's note to 2023 amendment.

I. **THIS COURT SHOULD EXCLUDE ANY TESTIMONY FROM DR. MANGIONE-SMITH THAT SKILLED ARTISANS WOULD NOT BE MOTIVATED TO MODIFY A PRIOR-ART REFERENCE THAT DOES NOT IDENTIFY GAPS OR DEFICIENCIES IN ITS DISCLOSURE**

Consistent with Rule 702 and the Advisory Committee's guidance, "an expert opinion premised on an incorrect understanding of the law should be excluded." *Ravgen, Inc. v. Lab. Corp. of Am. Holdings*, 6:20-cv-00969-ADA, Dkt. 226 (W.D. Tex. 2022).  Throughout his invalidity rebuttal report, plaintiff's expert Dr. Mangione-Smith opines that skilled artisans would not have been motivated to modify a prior-art reference or combine two references because skilled artisans "would not have seen *a gap or deficiency* in [the prior-art reference] such that they *would have reason to seek out additional information* in [another prior-art reference]."  (Ex. 1 at ¶ 128; *see id.* at ¶¶ 129 142-43 (same), ¶ 235 (opining that skilled artisans "would not have seen *a gap or deficiency* in [a first prior-art reference] such that they *would have reason to seek out the additional information* of [a second prior-art reference]…. [Skilled artisans] *would not have seen a gap or deficiency* in the disclosure of [the first prior-art reference] such that they would look to a secondary reference to assist them in implementing [the first prior-art reference's] method or system")).  This Court should preclude Dr. Mangione-Smith

2

from offering such testimony because it is wrong as a matter of law, would mislead the jury, and cause unfair prejudice.

This testimony contradicts Federal Circuit precedent instructing that a prior-art reference need not disclose a gap or deficiency in order for skilled artisans to be motivated to improve upon that reference. *See L'Oreal USA, Inc. v. Olaplex, Inc.*, 844 F. App'x 308, 319 (Fed. Cir. 2021); *Huawei Techs. Co. v. Iancu*, 813 F. App'x 505, 510 (Fed. Cir. 2020). Rather, "[f]or [a] technique's use to be obvious, the skilled artisan **need only be able to recognize**, based on her background knowledge, **its potential to improve** the device and be able to apply the technique." *Unwired Planet, LLC v. Google Inc.*, 841 F.3d 995, 1003 (Fed. Cir. 2016).

In *L'Oreal*, the Federal Circuit directly addressed and rejected the very testimony that Dr. Mangione-Smith sets forth in this report:

> [Petitioner] asserts that a relevant artisan **'would not have had reason to search'** for the teachings in [reference B] because [reference A] already taught reducing damage to bleached hair. **But the conclusion does not follow from the premise**: That a particular piece of prior art **achieves a desirable goal to some extent hardly means that relevant artisans would have lacked a motivation to achieve the goal to a greater extent**.

844 F. App'x at 319. Similarly, in *Huawei*, the court explained that "the fact that the [prior-art] references **showed their own forms of increasing efficiency** compared to what came before them **hardly means that a relevant artisan would not have been motivated to increase efficiency still further**." 813 F. App'x at 510. The law is well settled that a "suggestion, teaching, or motivation to combine the relevant prior art teachings **does not have to be found explicitly** in the prior art." *Alza Corp. v. Mylan Labs., Inc.*, 464 F.3d 1286, 1290 (Fed. Cir. 2006) (original emphasis).

3

## **CONCLUSION**

For the reasons stated above, Google respectfully requests this Court to exclude any testimony from plaintiff's expert Dr. Mangione-Smith that skilled artisans would not have been motivated to modify or combine a prior-art reference that does not identify gaps or deficiencies in its disclosure, including such testimony found at least in paragraphs 128, 129, 142, 143, 235, and 236 of his invalidity rebuttal report.

Date:  June 28, 2023

Respectfully submitted,
/s/  *T. Gregory Lanier, with permission by Shaun W. Hassett*
Michael E. Jones (Texas Bar No. 10929400)
Shaun W. Hassett (Texas Bar No. 24074372)
**Potter Minton, P.C.**
102 North College, Suite 900
Tyler, Texas, 75702
+1 (903) 597-8311
+1 (903) 593-0846 facsimile
mikejones@potterminton.com
shaunhassett@potterminton.com

T. Gregory Lanier (*pro hac vice*)
**Jones Day**
1755 Embarcadero Road
Palo Alto, California, 94303
+1 (650) 739-3939
+1 (650) 739-3900 facsimile
tglanier@jonesday.com

*Attorneys for Defendant Google LLC*

## **CERTIFICATE OF SERVICE**

    I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via electronic mail on June 28, 2023.

    I also hereby certify that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, under seal, pursuant to L.R. CV-5(a)(7) on June 28, 2023.

    */s/ T. Gregory Lanier*