# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING & DEVELOPMENT, | ) ) ) ) Case No. 6:20-cv-00572-ADA |
| *Plaintiff*, | ) ) **JURY TRIAL DEMANDED** |
| v. | ) ) ) |
| GOOGLE LLC, | ) ) |
| *Defendant*. | ) ) ) |

**PLAINTIFF BRAZOS LICENSING & DEVELOPMENT'S OPPOSITION
TO GOOGLE'S MOTION TO EXCLUDE CERTAIN OPINIONS
OF TECHNICAL EXPERT WILLIAM MANGIONE-SMITH**

**I.    GOOGLE'S MOTION IS PREMISED ON AN INCORRECT CHARACTERIZATION OF DR. MANGIONE-SMITH'S OPINIONS**

Google argues that Dr. Mangione-Smith "opines that skilled artisans would not have been motivated to modify a prior-art reference or combine two references because skilled artisans 'would not have seen a gap or deficiency in [the prior-art reference] such that they would have reason to seek out additional information in [another prior-art reference].'" Dkt. 160 at 2. But Dr. Mangione-Smith has not taken such a broad and unyielding position. Rather, Dr. Mangione-Smith opines that the lack of a gap or deficiency in the primary reference is ***one reason among others*** that a POSITA would not have been motivated to combine two references. Ex. A (Mangione-Smith Validity Report) ¶¶ 128-29, 235. In short, it is one factor to consider but not the determinative factor.

Indeed, Google had the opportunity to clarify at length in deposition that Dr. Mangione-Smith was not, in fact, taking the hardline position that Google now ascribes to him:

> Q. So I want to understand. For purposes of your analysis, is it your opinion that if there is no identified gap or deficiency in a prior art reference, then a person of ordinary skill in the art would not be motivated to improve upon that prior art reference?
>
> A. … If there is no identified gap or deficiency, that's of interest and it bears on my analysis, but I wouldn't say it's determinative.
>
> Q. Well, what role did the absence of any gap or deficiency in the Julia reference play in your analysis?
>
> A. It helped inform my opinion on whether Dr. Houh had made a convincing argument regarding invalidity or more particularly motivation [as to] the reasonableness of why a person of ordinary skill in the art would look to this particular combination.

Ex. B (06-08-2023 Deposition of Dr. Mangione-Smith) 67:12-68:9. *See also id.* at 66:8-67:11, 68:10-72:2 ("The lack of such an argument by Dr. Houh I think is important and useful to consider.

1

That doesn't mean that on its own it proves that a person would not have combined them. You've got to do a more thorough analysis.").

Thus, in the first instance, Google's motion should be denied because the opinion that Google seeks to exclude is not actually among the opinions that Dr. Mangione-Smith holds.

**II.   DR. MANGIONE-SMITH SHOULD BE ALLOWED TO TESTIFY THAT A GAP OR DEFICIENCY IN THE PRIOR ART REFERENCE IS A CONSIDERTION FOR DETERMINING WHETHER THERE IS A MOTIVATION TO COMBINE**

Dr. Mangione-Smith's opinions are not wrong as a matter of law, would not mislead the jury, and would not cause unfair prejudice. Google bears the burden of demonstrating that a person of ordinary skill would have a reason to seek out the secondary reference and modify the primary reference with it. *Hybritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1375 (Fed. Cir. 1986). Google is also correct that under Federal Circuit precedent, "a challenger need not prove that there was a known problem with the prior art in order to demonstrate that there was a motivation to combine prior art references." *Unwired Planet, LLC v. Google Inc.*, 841 F.3d 995, 1002-03 (Fed. Cir. 2016). Nevertheless, if the prior art does not contain a known problem, or if the challenger fails to prove that the prior art contains a known problem, the jury may still consider that in its determination of whether a person of ordinary skill would be motivated to modify the reference. To the extent that Google's motion seeks to preclude this opinion it should be denied.

In *Arctic Cat Inc. v. Polaris Industries, Inc.*, the Federal Circuit affirmed the Board's finding in an *inter partes* review that the challenger failed to prove that a skilled artisan would have been motivated to combine two references where there was no identified gap or deficiency in the primary reference. 795 F. App'x 827, 833 (Fed. Cir. 2019) (non-precedential). The Court noted that the challenger "tried to create a problem with the prior art in hopes of creating a motivation to combine references, but it failed." *Id.*

2

Thus, Dr. Mangione-Smith's opinion that the lack of a gap or deficiency is one consideration in looking at motivation to combine is consistent with Federal Circuit precedent, and the jury should be allowed to hear testimony from Dr. Mangione-Smith on this opinion.

### III. CONCLUSION

Brazos respectfully requests that the Court deny Google's motion to exclude certain opinions from Dr. Mangione-Smith under *Daubert*.

Dated: July 26, 2023

Respectfully submitted,

*/s/ Joseph M. Abraham*
Joseph M. Abraham, TX SB No. 24088879
Timothy Dewberry, TX Bar No. 24090074
**FOLIO LAW GROUP PLLC**
13492 Research Blvd., Suite 120, No. 177
Austin, TX 78750
Tel: 737-234-0201
Email: joseph.abraham@foliolaw.com
         timothy.dewberry@foliolaw.com

Cliff Win, CA Bar No. 270517
Alexandra Fellowes, CA Bar. No. 261929
C. Maclain Wells, CA Bar No. 221609
Moses Xie, CA Bar No. 343007
**FOLIO LAW GROUP PLLC**
1200 Westlake Ave. N., Ste. 809
Seattle, WA 98109
Tel: (206) 880-1802
Email: cliff.win@foliolaw.com
         alexandra.fellowes@foliolaw.com
         maclain@foliolaw.com
         moses@foliolaw.com

Gregory P. Love
State Bar No. 24013060
Mark D. Siegmund
State Bar No. 24117055
Melissa S. Ruiz
State Bar No. 24128097
**Cherry Johnson Siegmund James**

3

>400 Austin Ave., Ste. 9th Floor
>Waco, TX 76701
>Tel: 254-732-2242
>Email: glove@cjsjlaw.com
>            msiegmund@cjsjlaw.com
>            mruiz@cjsjlaw.com
>
>*Attorneys for Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing & Development*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of July, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and served a copy via email to all counsel of record.

>*/s/ Joseph M. Abraham*
>Joseph M. Abraham