# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a, BRAZOS LICENSING AND DEVELOPMENT,<br><br>*Plaintiff*,<br><br>v.<br><br>GOOGLE LLC,<br><br>*Defendant*. | Case No. 6:20-cv-572-ADA<br><br>JURY TRIAL DEMANDED |

## DEFENDANT GOOGLE LLC'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS TO CERTAIN AFFIRMATIVE DEFENSES

## TABLE OF CONTENTS

**Page**

INTRODUCTION AND SUMMARY OF ARGUMENT ............................................................. 1
ARGUMENT .................................................................................................................................. 1
CONCLUSION .............................................................................................................................. 2

# **TABLE OF AUTHORITIES**

**Page**

**CASES**

*Jang v. Boston Sci. Corp.*,
　872 F.3d 1275 (Fed. Cir. 2017)................................................................................................1

*Traxcell Techs., LLC v. Nokia Sols.*,
　15 F.4th 1136 (Fed. Cir. 2021) ................................................................................................1

*\* Emphasis added throughout unless indicated otherwise.*

*\*\* Deposition objections removed unless indicated otherwise.*

## INTRODUCTION AND SUMMARY OF ARGUMENT

As explained below, plaintiff's summary-judgment motion (Dkt. 158) regarding Google's affirmatives defenses on doctrine of equivalents (affirmative defenses Nos. 2 and 10), waiver, estoppel, and acquiescence (affirmative defense No. 4), and license/patent exhaustion (affirmative defense No. 7) are moot.

## ARGUMENT

***Plaintiff's Motion Regarding Google's Affirmative Defenses Nos. 2 And 10 Is Moot***. Google's second affirmative defense is prosecution history estoppel, and Google's tenth affirmative defense is ensnarement. (Dkt. 16 at 13-14). Both affirmative defenses concern the doctrine of equivalents ("DOE"). Plaintiff's infringement contentions did not identify any infringement theories under DOE, plaintiff's expert did not offer any opinions regarding DOE, and plaintiff's summary judgment motion confirms that it "*does not offer* any infringement theories under the doctrine of equivalents." (Dkt. 158 at 8-9).

Accordingly, plaintiff's motion regarding Google's affirmative defenses Nos. 2 and 10 *is moot* given: (i) plaintiff's repeated representations that it does "not invoke" and "does not offer any theories" under DOE (*id.* at 4-5, 8-9); (ii) plaintiff's expert's failure to offer any opinions regarding DOE; and (iii) prosecution history estoppel and ensnarement are each "a question of law" to be resolved by the court rather than the jury. *See, e.g.*, *Traxcell Techs., LLC v. Nokia Sols.*, 15 F.4th 1136, 1146 (Fed. Cir. 2021); *Jang v. Boston Sci. Corp.*, 872 F.3d 1275, 1288 (Fed. Cir. 2017) ("Because prosecution history estoppel was a legal question for a district court to consider, we concluded that ensnarement was one as well.").

***Plaintiff's Motion Regarding Google's Affirmative Defense No. 4 Is Moot***. Google's fourth affirmative defense concerns "waiver, estoppel, and/or acquiescence." (Dkt. 16 at 13-14).

Google will not pursue those defenses at trial, and plaintiff's motion with respect to Google's affirmative defense No. 4 is therefore moot. (Dkt. 158 at 5-7).

***Plaintiff's Motion Regarding Google's Affirmative Defense No. 7 Is Moot***. Google's seventh affirmative defense concerns "an express or implied license, and/or the patent exhaustion doctrine." (Dkt. 16 at 14.) Google will not pursue those defenses at trial, and plaintiff's motion with respect to Google's affirmative defense No. 7 is therefore moot. (Dkt. 158 at 7-8).

## CONCLUSION

For the reasons stated above, plaintiff's motion for summary judgment is moot.

Date: July 26, 2023

Respectfully submitted,

*/s/ T. Gregory Lanier, with permission by Shaun W. Hassett*

T. Gregory Lanier (*pro hac vice*)
Jones Day
1755 Embarcadero Road
Palo Alto, California, 94303
+1 (650) 739-3939
+1 (650) 739-3900 facsimile
tglanier@jonesday.com

Michael E. Jones (Texas Bar No. 10929400)
Shaun W. Hassett (Texas Bar No. 24074372)
Potter Minton, P.C.
102 North College, Suite 900
Tyler, Texas, 75702
+1 (903) 597-8311
+1 (903) 593-0846 facsimile
mikejones@potterminton.com
shaunhassett@potterminton.com

Sasha Mayergoyz
Jones Day
77 W. Wacker Drive
Chicago, IL 60601
+1 (312) 782-3939
smayergoyz@jonesday.com

Tracy A. Stitt
Edwin O. Garcia
Jones Day
51 Louisiana Avenue NW
Washington, DC 20001
+1 (202) 879-3641
tastitt@jonesday.com
edwingarcia@jonesday.com

Rita J. Yoon
Michael A. Lavine
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
+1 (415) 626-3939
ryoon@jonesday.com
mlavine@jonesday.com

*Attorneys for Defendant Google LLC*