**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

|  |  |  |
|---|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING & DEVELOPMENT, | ) ) ) ) | |
| *Plaintiff,* | ) ) | Case No. 6:20-cv-00572-ADA |
| v. | ) ) ) | **JURY TRIAL DEMANDED** |
| GOOGLE LLC, | ) ) ) | |
| *Defendant.* | ) ) ) | |

**JOINT MOTION FOR FINAL JUDGMENT AND TO EXTEND TIME FOR THE
PREVAILING PARTY TO SEEK COSTS AND ATTORNEY FEES**

Plaintiff WSOU Investments d/b/a Brazos Licensing and Development and Defendant

Google LLC respectfully file this Joint Motion for Final Judgment and to Extend Time for the

Prevailing Party to Seek Costs and Attorney Fees.

On June 29, 2020, Brazos asserted claims 1-14 of U.S. Patent No. 8,041,806, titled

"Targeted Electronic Content Delivery Control Systems and Methods," against Google.  Dkt. 1.

On August 27, 2021, Google moved for summary judgment that, applying the two-step framework

from *Alice Corp. v. CLS Bank International*, 573 U.S. 208 (2014), all asserted claims are invalid

under 35 U.S.C. § 101, arguing that they are directed to the abstract idea of collecting information,

analyzing that information, and delivering targeted content based on that information and do not

disclose an inventive concept.  Dkt. 48; *see also* Dkt. 50 (Brazos's opposition); Dkt. 55 (Google's

reply).  After, Brazos narrowed the asserted claims to claims 2, 3, 5, and 7, which all depend on

claim 1.  *See* Dkt. 118 at 1 n.1; *see also* Dkt. 104-2 (Ex. 3).  While Google's motion was pending,

Brazos moved for summary judgment that claim 3 is patent eligible, while maintaining its position

that claims 2, 5, and 7 "are valid under 35 U.S.C. § 101 or at least raise factual issues that cannot be resolved on summary judgment." Dkt. 118 at 1 n.1; *see also* Dkt. 127 (Google's opposition); Dkt. 129 (Brazos's reply); Dkt. 131 (Brazos's notice of supplemental authority); Dkt. 132 (Google's response).

On February 16, 2023, the Court heard argument on the parties' motions. At the hearing, the Court held that claims 1, 2, 5, and 7 are patent ineligible. Dkt. 144 at 41:7-15. The Court denied both Google's and Brazos's motions as to claim 3, determining that step two of the ineligibility inquiry should proceed to trial. Dkt. 144 at 41:7-15.

On June 28, 2023, Google moved for reconsideration of the Court's ruling regarding claim 3. Dkt. 161; *see also* Dkt. 179 (Brazos's opposition); Dkt. 201 (Google's reply). The Court heard argument on that motion at a November 13, 2023 pretrial conference. On reconsideration, the Court held that claim 3 is patent ineligible. Dkt. 247 at 17:6-23. With that, the Court determined that all Brazos's asserted claims were directed to patent ineligible subject matter, *see* Dkt. 247 at 17:6-10, and then issued a pretrial conference order reflecting its grant of Google's motion. Dkt. 245 at 2.

Brazos respectfully disagrees with the Court's patent-ineligibility holdings and seeks to appeal the Court's judgment as to claim 3. To aid in any appeal, the parties jointly emailed the Court on September 12, 2024, noting that, in other cases between these parties, the Court has indicated that it intended to provide additional analysis for the Federal Circuit. The parties now request that the Court enter final judgment to permit an appeal.

The parties also jointly move the Court for an extension of time for the prevailing party to seek costs under 28 U.S.C. § 1920 and attorney fees under 35 U.S.C. § 285. Specifically, the parties request that the Court defer the deadline for the prevailing party to seek costs and attorney

fees until thirty (30) days after the expiration of the time allowed for appeal of the Court's final

judgment or, if there is an appeal, until thirty (30) days after issuance of a mandate by the appellate

court.  Deferring the time for the prevailing party to seek costs and attorney fees should conserve

judicial and party resources and provide adequate time for the parties (1) to meet and confer prior

to submitting a bill of costs under Federal Rule of Civil Procedure 54(d)(1) and Local Rule CV-54;

and (2) to meet and confer prior to seeking attorney fees under Federal Rule of Civil Procedure

54(d)(2) and Local Rule CV-7(j).

The parties have agreed to a proposed form of final judgment, granting the above requested

relief, which is attached as Exhibit A.

Dated: September 12, 2024

Respectfully submitted,

/s/ Joseph M. Abraham

Joseph M. Abraham, TX Bar No. 24088879
Timothy Dewberry, TX Bar No. 24090074
**FOLIO LAW GROUP PLLC**
13492 Research Blvd., Suite 120, No. 177
Austin, TX 78750
Tel: (737) 234-0201
Email: joseph.abraham@foliolaw.com
          timothy.dewberry@foliolaw.com

Cliff Win, CA Bar No. 270517
Alexandra Fellowes, CA Bar No. 261929
C. Maclain Wells, CA Bar No. 221609
Moses Xie, CA Bar No. 343007
Alden K. Lee, CA Bar No. 257973
**FOLIO LAW GROUP PLLC**
1200 Westlake Ave N., Ste. 809
Seattle, WA 98109
Tel: (206) 880-1802
Email: cliff.win@foliolaw.com
          alexandra.fellowes@foliolaw.com
          maclain@foliolaw.com
          moses.xie@foliolaw.com
          alden.lee@foliolaw.com

Gregory P. Love
State Bar No. 24013060
Mark D. Siegmund
State Bar No. 24117055
**Cherry Johnson Siegmund James**
400 Austin Ave., Ste. 9th Floor
Waco, TX 76701
Tel: (254) 732-2242
Email: glove@cjsjlaw.com
          msiegmund@cjsjlaw.com

*Attorneys for Plaintiff WSOU Investments*
*d/b/a Brazos Licensing & Development*

/s/ T. Gregory Lanier

Michael E. Jones (State Bar No. 10929400)
mikejones@potterminton.com
Shaun W. Hassett (State Bar No. 24074372)
shaunhassett@potterminton.com
**POTTER MINTON, P.C.**
102 North College, Suite 900
Tyler, Texas, 75702
(903) 597-8311
(903) 593-0846 facsimile

T. Gregory Lanier
(California Bar No. 138784) (*pro hac vice*)
tglanier@jonesday.com
Walter Mostowy
(California Bar No. 341454) (*pro hac vice*)
wmostowy@jonesday.com
**JONES DAY**
1755 Embarcadero Road
Palo Alto, California, 94303
(650) 739-3939
(650) 739-3900 facsimile

Sasha Mayergoyz
(Illinois Bar No. 6271800) (*pro hac vice*)
smayergoyz@jonesday.com
**JONES DAY**
110 N. Wacker Drive, Suite 4800
Chicago, Illinois 60606
(312) 782-3939
(312) 782-8585 facsimile

Tracy A. Stitt
(D.C. Bar No. 1015680) (*pro hac vice*)
tastitt@jonesday.com
Jennifer L. Swize
(D.C. Bar No. 490988) (*pro hac vice*)
jswize@jonesday.com
Edwin O. Garcia
(Texas Bar No. 24097726) (*pro hac vice*)
edwingarcia@jonesday.com
**JONES DAY**
51 Louisiana Avenue, NW

Washington, D.C. 20001
(202) 879-3939
(202) 626-1700 facsimile

Rita J. Yoon
(Illinois Bar No. 6298019) (*pro hac vice*)
ryoon@jonesday.com
Michael A. Lavine
(California Bar No. 321727) (*pro hac vice*)
mlavine@jonesday.com
**JONES DAY**
555 California Street, 26th Floor
San Francisco, California 94104
(415) 626-3939
(415) 875-5700 facsimile

John R. Boulé III
(California Bar No. 322929) (*pro hac vice*)
jboule@jonesday.com
**JONES DAY**
555 South Flower Street, Fiftieth Floor
Los Angeles, California 90071
(213) 489-3939
(213) 243-2539 facsimile

Daniele San Román
(D.C. Bar No. 1673021) (*pro hac vice*)
dsanroman@jonesday.com
**JONES DAY**
4655 Executive Drive, Suite 1500
San Diego, California 92121
(858) 314-1200
(844) 345-3178 facsimile

*Attorneys for Defendant Google LLC*

5